# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00134-CR

**Silverio Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
## NO. 3022088, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## O P I N I O N

A jury convicted appellant Silverio Martinez of two counts of indecency with a child by contact,[1] one count of indecency with a child by exposure,[2] and one count of aggravated sexual assault of a child.[3] The jury assessed punishment of six years' imprisonment for each of the two counts of indecency with a child by contact, five years' imprisonment for indecency with a child by exposure, and seven years' imprisonment for aggravated sexual assault of a child. Martinez brings two issues on appeal. First, he claims that the trial court erred by denying his challenges for cause when two venirepersons testified that they could not consider the full range of punishment. Second, he contends that the trial court erred by allowing the jury to convict him of four offenses, when the

---

[1] Tex. Pen. Code Ann. § 21.11(a)(1) (West 2003).

[2] Tex. Pen. Code Ann. § 21.11(a)(2) (West 2003).

[3] Tex. Pen. Code Ann. § 22.021(a)(1)(B) (West Supp. 2004-05).

indictment appeared to charge him with only three crimes. For the reasons stated below, we affirm the judgment of the district court.

**BACKGROUND**

Silverio Martinez's stepdaughter testified that Martinez began engaging in inappropriate sexual conduct with her in January of 2002, when she was 12 years old, and repeated this conduct many times over the course of several months. This abuse occurred generally while her mother was at work at night, and occurred in various locations, including her bedroom, her mother's bedroom, and, after the family moved to Martinez's house, in his living room.

The complainant first reported the abuse to her mother, who refused to believe her daughter and accused her of lying. In August 2002, the complainant made an outcry to her aunt, Mary Sanchez, while visiting Sanchez and her biological father, Sanchez's brother. Sanchez then took the complainant to the police station to report the abuse, and later to a doctor for a physical examination. Martinez was arrested on October 21, 2002, for aggravated sexual assault of a child.

The indictment contained three sections labeled as counts that contained a total of eight paragraphs.[4] Count I contained four paragraphs, and alleged that Martinez had committed the following acts of indecency with a child by contact:

- Count I, paragraph one, alleged that Martinez touched the complainant's anus;

- Count I, paragraph two, alleged that Martinez touched the complainant's breast;

---

[4] Because the issues presented in this appeal concern the form in which the specific allegations were presented in the indictment and submitted to the jury, we unfortunately must discuss Martinez's acts in some detail.

2

- Count I, paragraph three, alleged that Martinez touched the complainant's genitals;

- Count I, paragraph four, alleged that Martinez caused the complainant to touch Martinez's genitals.

Count II contained one paragraph, and alleged that Martinez had committed indecency with a child by exposure by exposing his genitals knowing the complainant was present. Count III contained three paragraphs, and alleged that Martinez had committed the following acts of aggravated sexual assault of a child:

- Count III, paragraph one, alleged that Martinez penetrated the complainant's anus with his sexual organ;

- Count III, paragraph two, alleged that Martinez caused the complainant's sexual organ to contact his mouth;

- Count III, paragraph three, alleged that Martinez penetrated the complainant's mouth with his sexual organ.

After the defense had rested but prior to closing arguments, Martinez moved to require the State to elect among the various acts alleged in the indictment that it would rely on for conviction in counts one and three. *See O'Neal v. State*, 746 S.W.2d 769, 772 (Tex. Crim. App. 1988). The court granted Martinez's motion, and the State elected to proceed with Count I, paragraph one (alleging that Martinez touched the complainant's anus), Count I, paragraph two (alleging that Martinez touched the complainant's breast), Count I, paragraph three (alleging that Martinez touched the complainant's genitals), Count II (alleging that Martinez exposed his genitals knowing the complainant was present), Count III, paragraph one (alleging that Martinez penetrated the complainant's anus with

his sexual organ), and Count III, paragraph two (alleging that Martinez touched the complainant's sexual organ with his mouth) as separate counts—six counts in total. Each paragraph elected by the State was submitted to the jury as a separate offense. The jury returned a verdict of not guilty on Count I, paragraph one (touching the complainant's anus), and Count III, paragraph one (penetrating the complainant's anus with sexual organ), and returned verdicts of guilty on the other four offenses that the State had elected.

The facts relevant to each of the errors claimed by Martinez are set forth below.

## DISCUSSION

**Jury challenges for cause**

In his first point of error, Martinez claims that the trial court erred when it denied his challenges of two prospective jurors for cause. Martinez claims that, during voir dire, it became apparent that two venirepersons, Silberkraus and Soliz, were unable to consider the full range of punishment for the offense of aggravated sexual assault. Because the trial court denied the challenges for cause, Martinez argues that he was forced to use a peremptory strike to exclude each of the two challenged venirepersons, that he was denied additional peremptory strikes, and that he identified two members of the jury as objectionable and claimed he would have struck them with a peremptory challenge. Martinez appropriately preserved the trial court's error, if any. *Demouchette v. State*, 731 S.W.2d 75, 83 (Tex. Crim. App. 1986) (describing procedure for preserving error for trial court's failure to sustain challenges for cause).

4

During voir dire, defense counsel asked the panelists whether they could consider probation for aggravated sexual assault of a child. The following exchange took place between defense counsel and Silberkraus:

Mr. Mange: Can you consider probation?

Silberkraus: If the law says, yeah.

Mr. Mange: The law says you can.

Silberkraus: I don't know that I could.

Mr. Mange: I have to do something that frequently irritates people about lawyers. . . . [T]he thing I have to do is . . . pin you down. You said that I don't know that I could. Could you, could you not?

To this question, Silberkraus responded "No, I don't think so."

Later, the trial judge called Silberkraus to the bench, and questioned him again about whether he could consider probation in the appropriate case. Silberkraus replied:

Silberkraus: I am tempted to say yes because that's what the Legislature has deemed the appropriate punishment.

Court: They have given you a wide range.

Silberkraus: I can't think in my mind right now theoretically what that appropriate case might be.

Court: Do you think that there could be an appropriate case?

Silberkraus: It's a theoretical possibility that case exists. I can't think of one right now where I personally would think if I had found the person guilty beyond a reasonable doubt where I myself would think a recommendation of probation would be appropriate. But it is possible.

5

Potential juror Soliz, similar to Silberkraus, initially responded that he would be unable to consider probation for the offense of aggravated sexual assault of a child. Toward the end of voir dire, the trial court called Soliz to the bench and explained the range of punishment associated with aggravated sexual assault of a child, and asked once again if he could consider probation. Soliz responded:

Soliz:   I would consider but I think they should be a lot more harsh than that, especially for a child.

Court:   But you could consider it?

Soliz:   Yeah, I guess I could consider it . . . .

Court:   You wouldn't give it, maybe, but you could consider it.

Soliz:   I would not even consider it.

Court:   Now you just answered it different.

Soliz:   Well, it's just that I feel a little bit stronger than that. I don't think it's harsh enough to be honest with you. What I feel and what I think what should be done is not what you are asking me. What you are asking me is what the law is and I will have to go with the law.

The trial court's decisions to deny Martinez's challenges to these two potential jurors for cause are subject to review under the abuse of discretion standard. *Garcia v. State*, 887 S.W.2d 846, 854 (Tex. Crim. App. 1994). A trial court's ruling on a challenge for cause is reviewed with "'considerable deference' because the trial court is in the best position to evaluate the venireperson's demeanor and responses." *Blue v. State*, 125 S.W.3d 491, 497 (Tex. Crim. App. 2003) (quoting *Colburn v. State*, 966 S.W.2d 511, 517 (Tex. Crim. App. 1998)). This is especially true when the

6

record reflects that a potential juror was vacillating or equivocating, because the trial judge was in the best position to observe the person's demeanor and tone of voice—important factors that "do not come through when reviewing a cold record." *Banda v. State*, 890 S.W.2d 42, 54 (Tex. Crim. App. 1994); *see Colburn*, 966 S.W.2d at 517 ("When the potential juror's answers are vacillating, unclear, or contradictory, we accord particular deference to the trial court's decision. . . . And, when the venireman is persistently uncertain about his ability to follow the law, we will not second guess the trial court."); *see also Cortez v. HCCI-San Antonio, Inc.*, 2005 Tex. LEXIS 206, at *12 (Mar. 11, 2005).

After reviewing the entire voir dire testimony of each of the above two venirepersons, we cannot conclude that the trial court abused its discretion when it denied Martinez's challenges for cause to Silberkraus and Soliz based on their vacillating answers as to whether they could consider probation in an aggravated sexual assault of a child case. Although Silberkraus was unable to describe a specific case in which he believed probation would be appropriate, he was not required to identify such a hypothetical case where, as here, he agreed that it is possible that such a case exists. *See Garcia*, 887 S.W.2d at 854 (suggesting, in context of answering special issues in assessing punishment for capital murder, that venireperson is not subject to challenge for cause if she states she will fulfill her duties based on law and evidence presented, even if she is unable to conceive of situation in which she would answer special issue in negative). As for Soliz, because his voir dire testimony was equivocal, we must accord great deference to the trial judge, who had the better opportunity to see and hear him. *See id.* Although Martinez's brief quite artfully attempts, albeit relying sometimes on matters outside the record, to portray voir dire events in a manner

7

favorable to him, we are bound as an appellate court to rely upon the record before us. *Vuong v. State*, 830 S.W.2d 929, 943 (Tex. Crim. App. 1992).

We find all other arguments made by Martinez with respect to his first point of error to be without merit.[5] We overrule Martinez's first issue.

**The indictment**

In his second issue, Martinez argues that the trial court erred by allowing the jury to convict him of four offenses when the indictment appeared to charge him with only three crimes. Martinez asserts that the vagueness of the allegations in the indictment made it impossible to determine from the face of the indictment that all of the acts occurred on different days,[6] and argues that the State therefore should have provided more notice that it intended to proceed upon separate counts of the same offense. The essence of Martinez's argument is that the trial court should not have authorized his conviction for multiple counts of indecency with a child by contact and aggravated sexual assault, but rather should have read Count I and Count III as alleging only one offense each.

---

[5] In particular, we disagree with Martinez that the trial court abused its discretion by questioning the venirepersons directly, rather than allowing the State to do so. Martinez has not demonstrated that the trial court's questions were "reasonably calculated to benefit the State or prejudice the defendant's rights." *Gardner v. State*, 733 S.W.2d 195, 210 (Tex. Crim. App. 1987). Indeed, we believe that such intervention was warranted for the purposes of expedition and clarification. *See id*. In any event, even assuming that the trial court abused its discretion by questioning the prospective jurors directly, we agree with the State that, because Martinez did not object to the court's direct questioning of venirepersons, such error was not preserved by Martinez for review. Tex. R. App. P. 33.1.

[6] Each paragraph states that the acts alleged occurred on or around July 6, 2002.

Martinez alleges that he was harmed by the trial court's error in the following three ways: (1) because the trial judge allowed the State to proceed on Count I, paragraph three (alleging that Martinez touched the complainant's genitals), and Count III, paragraph two (alleging that Martinez touched the complainant's sexual organ with his mouth), the jury could have found that both offenses occurred on the same occasion, in violation of his right against double jeopardy; (2) Martinez was forced to choose between his constitutional right to a unanimous jury and his right against double jeopardy, and was placed in a position where he regretted "an intelligent exercise of his constitutional rights"; and (3) Martinez now has four felony convictions when before trial he only had notice that the State was seeking convictions on three offenses.

When multiple offenses are committed during a single criminal episode, these offenses may be joined in a single indictment. Tex. Code Crim. Proc. Ann. art. 21.24(a) (West 2003); Tex. Pen. Code Ann. § 3.01 (West 2003) (defining "criminal episode" as the commission of two or more offenses that "are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan"). Where an indictment contains multiple counts, the State is not required to elect between counts and each count may be submitted to the jury. *Owens v. State*, 96 S.W.3d 668, 672 (Tex. App.—Austin 2003, no pet.). However, upon the timely motion by the defendant, the State is required to make an election of those alleged acts upon which it will rely to pursue a conviction. *Gutierrez v. State*, 8 S.W.3d 739, 748 (Tex. App.—Austin 1999, no pet.) (upholding denial of motion to require State to elect because motion "came too late," as appellant did not make motion until after he had presented his case-in-chief and thus could "no longer take advantage of the benefits of election"). One of the

9

purposes of the election rule is that the rule gives the defendant notice of the particular offense the State intends to rely on for prosecution and affords the defendant an opportunity to defend. *O'Neal*, 746 S.W.2d at 772-73; *Phillips v. State*, 130 S.W.3d 343, 349 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). In the present case, Martinez himself frustrated this purpose by waiting to move for an election until after presenting his case-in-chief.

In the context of the charges like those in the present case, which often encompass separate and different assaults within the same transaction or series of transactions, "an indictment containing alternative legal theories may present some question as to whether it charges separate offenses or merely alternative legal theories." *Vick v. State*, 991 S.W.2d 830, 834 (Tex. Crim. App. 1999). As a general rule, a "count" is used to charge the offense itself and a "paragraph" is the portion of a count which alleges the method of committing the offense.[7] *Owens*, 96 S.W.3d at 673. The substance of the allegation determines its character as a "count" or a "paragraph," not the terminology used. *Dalton v. State*, 898 S.W.2d 424, 426 (Tex. App.—Fort Worth 1995, pet. ref'd).

In response to Martinez's argument that he should have been given notice that the State would proceed on the paragraphs as separate counts because the indictment was "understandably vague" with respect to the time the alleged offenses occurred, we note at the outset that the State need not allege a specific date in an indictment. Tex. Code Crim. Proc. Ann. art. 21.02(6) (West 1989) ("The time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation."). It is

---

[7] A count may contain as many separate paragraphs as necessary. Tex. Code Crim. Proc. Ann. art. 21.24(b) (West 1989).

10

settled law that "the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). Allowing inexact references to dates of the alleged acts is particularly necessary in child sexual abuse cases, where "it is not often that a child knows . . . the date that she was sexually assaulted." *Id.* at 256 n.8. Thus, the State was not required to allege different dates in each paragraph of the indictment, as Martinez claims. Based on this settled law, we do not believe that the indictment was improperly vague, nor that the State failed to fulfill its duty to provide Martinez notice of the offenses he was being charged with. *Curry v. State*, 30 S.W.3d 394, 398 (Tex. Crim. App. 2000) ("An indictment is generally sufficient to provide notice if it follows the statutory language."). We next turn to the issue of whether the trial court improperly authorized Martinez's convictions based on the individual paragraphs of the indictment.

In *Owens*, this Court was presented with a similar argument as that made here by Martinez. Owens's indictment contained three counts alleging various acts of sexual abuse. *Owens*, 96 S.W.3d at 670–71. One count, alleging aggravated sexual assault, contained two paragraphs; each paragraph alleged that Owens had committed different acts. *Id.* at 671. The trial court in that case submitted each paragraph to the jury as a separate offense, and the jury returned a separate verdict based on each paragraph submitted. *Id.* at 672. Owens argued on appeal that the trial court erred by submitting multiple paragraphs to the jury. We held that the trial court did not err by treating the two "paragraphs" as "counts" alleging two discrete offenses and authorizing Owens's conviction for both. We stated that "[t]hose who commit multiple discrete assaults against the same

11

victim are liable for separate prosecution and punishment for every instance of such criminal misconduct." *Id.* at 672-73.[8]

In the present case, the paragraphs in the indictment alleged that Martinez had committed multiple acts of sexual abuse against the complainant, and the complainant testified at trial as to the multiple instances of sexual abuse. Specifically, the complainant testified that Martinez had committed the following acts: (1) he licked her vagina "several times"; (2) he licked and touched her breasts; (3) he placed his penis on her bottom lip; (4) he put his penis in her vagina and her "butt hole"; and (5) he put his fingers "through [her] vagina." Given this evidence, the trial court did not err by allowing the State to proceed with the separate "paragraphs" as "counts" alleging multiple offenses and authorizing Martinez's conviction for those elected by the State, as the record contained sufficient evidence to uphold a conviction on each of the counts. *See Vernon v. State*, 841 S.W.2d 407, 410 (Tex. Crim. App. 1992) (finding that defendant's various acts of sexual misconduct committed against stepdaughter over period of six years did not constitute a single offense, but rather multiple assaults against the same victim); *Hutchins v. State*, 992 S.W.2d 629, 633 (Tex. App.—Austin 1999, pet. ref'd) (holding that because appellant touched victim's genitals with his fingers before penetrating her with his penis, two distinct offenses were committed despite the two acts' close temporal proximity).

---

[8] Notwithstanding our decision in *Owens*, we strongly cautioned the State against using the type of drafting it used in the indictment "to obtain a tactical advantage at trial, thereby creating confusion as to whether the paragraph describes a separate offense or an alternate manner and means of committing the same offense." *Owens v. State*, 96 S.W.3d 668, 673 n.7 (Tex. App.—Austin 2003, no pet.). Martinez does not contend here that the State drafted the indictment in such a way to obtain a tactical advantage at trial.

Because the record contains sufficient evidence of Martinez's sexual abuse of the complainant, Martinez's contention that these convictions violate his right against double jeopardy because two of the counts submitted to the jury could have allowed for two convictions based on the same underlying conduct also fails.[9] In order to prevail on a double jeopardy claim, the evidence must show that the two offenses at issue necessarily arose from "one act which could be subject to two different interpretations." *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). Martinez has not demonstrated that his conviction of indecency with a child by contact was based on the same conduct underlying his conviction for aggravated sexual assault of a child. *Hutchins*, 992 S.W.2d at 633. Indeed, as we have already noted, the complainant testified that Martinez touched her genitals with his fingers—an act not alleged in Count III, paragraph two (alleging that Martinez touched the complainant's sexual organ with his mouth), but that supports a conviction for the offense alleged in Count I, paragraph three (alleging that Martinez touched the genitals of the complainant). Thus, Martinez's double jeopardy claim is without merit.

Martinez further argues that he was forced to elect between his constitutional right to a unanimous jury and his right against double jeopardy. As we have just stated, however, Martinez's right against double jeopardy was not violated. Nor, for that matter, was his right to a unanimous jury. The election rule performs an important function in cases that threaten to deny a

---

[9] Although the State argues that Martinez did not preserve the double jeopardy claim for review, Tex. R. App. P. 33.1, "[b]ecause of the fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal . . . when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). We will assume these conditions are satisfied here and consider Martinez's double jeopardy claim.

defendant's right to a unanimous jury. *See Francis v. State*, 36 S.W.3d 121 (Tex. Crim. App. 2000). In *Francis*, the court of criminal appeals held that there was a possibility of a non-unanimous jury verdict when the trial court granted a motion to elect that requested that the State choose between two separate offenses alleged in a one-count, one-paragraph indictment, and the State elected to pursue a single conviction based on the two separate offenses. Important to the *Francis* court's ruling, the judge submitted the separate offenses to the jury in the jury charge in the disjunctive,[10] and requested that the jury return only one verdict. *Id.* at 124-25. *Francis* is thus distinguishable from this case; here, the State elected to pursue six separate convictions based on six separate offenses, and the trial judge submitted each offense to the jury separately and required the jury to consider each offense apart from the other offenses. The judge further required the jury to come to a unanimous decision for each offense covered in the charge. And, in fact, the jury did return a separate and unanimous verdict for each of the six counts charged. We therefore hold that Martinez's constitutional right to a unanimous jury and his right against double jeopardy were not violated.

Finally, Martinez argues that he was harmed because he was convicted of four offenses, where the indictment appeared to charge him of only three. As discussed above, the indictment and the record support the jury's findings that Martinez committed four separate felonies.

Because we conclude that the defendant was sufficiently put on notice as to the offenses the State would rely on for conviction and that the trial court appropriately addressed

---

[10] The jury charge stated that if the jury found evidence that the defendant engaged in "sexual contact by touching the breast *or* genitals of" the complainant, then it should return a guilty verdict. *Francis v. State*, 36 S.W.3d 121, 124 (Tex. Crim. App. 2000).

Martinez's motion for an election, we hold that Martinez was not harmed by any alleged error on the part of the trial court. We therefore overrule Martinez's second issue.

**CONCLUSION**

We conclude that the trial court did not err when it denied Martinez's two challenges for cause during the voir dire of potential jurors. We also conclude that Martinez was not harmed when the trial court allowed the State to proceed on selected paragraphs of the indictment as separate counts, and that Martinez was adequately put on notice as to the charges brought against him. We affirm the convictions.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: March 24, 2005

Publish