TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00447-CR






Floyd Fowler, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT

NO. D-1-DC-02-302642/3022642, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING



 

O P I N I O N


 Appellant Floyd Fowler received two convictions for the offense of indecency with
a child by contact (Count I), one conviction for the offense of indecency with a child by exposure
(Count II), and three convictions for the offense of aggravated sexual assault of a child (Count III). 
See Tex. Penal Code Ann. § 21.11(a)(1), (2) (West 2003), § 22.021(a)(1)(B) (West Supp. 2006). 
Punishment was assessed at 20 years' imprisonment and a $10,000 fine for each conviction under
Count I, 10 years' imprisonment and a $10,000 fine for the conviction under Count II, and 35 years'
imprisonment and a $10,000 fine for each conviction under Count III. On appeal, Fowler argues
that the district court erred by authorizing six convictions when the indictment authorized only three. 
Fowler additionally contends that the district court erred by allowing the State to amend the third
paragraph of Count III of the indictment. For the reasons stated below, we reverse the judgments
of conviction for the counts that were not authorized by the indictment, and we dismiss those
judgments. In all other respects, we affirm.


BACKGROUND

 The sufficiency of the evidence is not contested on appeal. The complainant, S.D.,
testified that Fowler, her mother's boyfriend, began engaging in inappropriate sexual conduct with
her when she was five years old and engaged in this conduct repeatedly over a period of several
years. S.D. testified that the conduct continued until she was twelve years old. 

 By a three-count indictment, a grand jury charged Fowler with indecency with a child
by contact, indecency with a child by exposure, and aggravated sexual assault of a child. The
indictment contained three sections labeled as "Counts," which contained a total of eight paragraphs. 
 Count I contained three paragraphs, and alleged that Fowler committed the following
acts of indecency with a child by contact:



 Count I, paragraph one, alleged that Fowler touched S.D.'s genitals.
 Count I, paragraph two, alleged that Fowler touched S.D.'s breast.
 Count I, paragraph three, alleged that Fowler caused S.D. to touch his genitals. 



 Count II contained one paragraph, alleging that Fowler had committed indecency with
a child by exposure by exposing his genitals to S.D. 

 Count III contained four paragraphs, and alleged that Fowler had committed the
following acts of aggravated sexual assault of a child:


 Count III, paragraph one, alleged that Fowler penetrated S.D.'s sexual organ with
his sexual organ.

 Count III, paragraph two, alleged that Fowler penetrated S.D.'s sexual organ with
his finger.

 Count III, paragraph three, alleged that Fowler caused S.D.'s sexual organ to
contact his anus.

 Count III, paragraph four, alleged that Fowler caused S.D.'s sexual organ to
contact his sexual organ.




 Prior to trial, the State moved to amend Count III, paragraph three by switching the
terms "sexual organ" and "anus." In other words, the amended paragraph would allege that Fowler
caused S.D.'s anus to contact Fowler's sexual organ. Fowler objected, asserting that this amendment
would charge an additional or different offense. See Tex. Code Crim. Proc. Ann. art. 28.10(c)
(West 2006). The district court permitted the amendment. 

 The case proceeded to trial. At the close of the State's case, Fowler moved to require
the State to elect among the various acts alleged in the indictment that it would rely on for conviction
in Counts I and III. See O'Neal v. State, 746 S.W.2d 769, 772 (Tex. Crim. App. 1988). The State
chose not to proceed with Count I, paragraph one, and Count III, paragraph four. Thus, the State
elected to proceed with the following:



 Count I, paragraph two: S.D. described an incident during which Fowler put his
mouth on her breast.

 Count I, paragraph three: S.D. described an incident during which Fowler forced
her to touch his genitals over the bathroom sink under running water. 




 Count II: S.D. described an incident during which Fowler forced her to watch
him masturbate over the toilet.

 Count III, paragraph one: S.D. described an incident during which Fowler
penetrated her sexual organ with his sexual organ.

 Count III, paragraph two: S.D. described an incident during which Fowler
penetrated her sexual organ with his finger.

 Count III, paragraph three: S.D. described an incident during which Fowler
touched her anus with his sexual organ. 



 All six of the above paragraphs were submitted to the jury in the court's charge, and
a separate verdict form was provided for each. Other than to renew his previous objection to the
amendment in the third paragraph of Count III, Fowler did not object to this submission.

 On all six verdict forms, the jury found Fowler guilty. In accordance with the jury's
verdicts, the district court entered judgment of conviction for six offenses, two of which were
derived from Count I of the indictment and three of which were derived from Count III. 
This appeal followed. 


DISCUSSION

 In his first two issues, Fowler argues that because the indictment contained only three
counts, the indictment authorized only three convictions. Thus, according to Fowler, "[e]rror
occurred when appellant was convicted of more than one offense for Count I and more than one
offense for Count III." In his third issue, Fowler contends that this error implicates his constitutional
right to a grand jury screening of the charges against him.

 When multiple offenses are properly joined in a single indictment, each offense
should normally be alleged in a separate count. Owens v. State, 96 S.W.3d 668, 672
(Tex. App.--Austin 2003, no pet.) (citing Tex. Code Crim. Proc. Ann. art. 21.24(a) (West 2006)). 
A count may contain as many separate paragraphs charging the same offense as necessary. Id. (citing
Tex. Code Crim. Proc. Ann. art. 21.24(b)). As a general rule, a "count" is used to charge the offense
itself and a "paragraph" is that portion of a count which alleges the method of committing the
offense. Id. at 673. The question in this case is whether Fowler may be convicted of more than one
paragraph per count. 

 This exact issue was recently addressed by the court of criminal appeals in
Martinez v. State, No. PD-0575-05, 2007 Tex. Crim. App. LEXIS 694 (Tex. Crim. App.
June 6, 2007). Martinez was charged in a three-count indictment with the offenses of indecency with
a child by contact (Count I), indecency with a child by exposure (Count II), and aggravated sexual
assault of a child (Count III). Count I contained four paragraphs, Count II contained one paragraph,
and Count III contained three paragraphs. There were a total of eight paragraphs in the
indictment.  Id. at *2-3. 

 During the charge conference, the trial court allowed the State to submit each
paragraph to the jury as a separate "minicount." Id. at *6 n.3. The trial court reasoned "that
submitting each paragraph as a separate offense assured jury unanimity as to each distinct allegation
in the indictment." Id. Martinez objected, but the trial judge overruled this objection as
"premature." Id. The State then chose to proceed on six of the eight paragraphs: three under Count
I, one under Count II, and two under Count III. Id. at *4. All six paragraphs were submitted
to the jury. See id.

 The jury found Martinez guilty of Count I, paragraphs two and three, Count II, and
Count III, paragraph two. Id. at *7. The jury found Martinez not guilty of Count I, paragraph one
and Count III, paragraph one. Id. Thus, in a three-count indictment, Martinez was found guilty of
four offenses and the trial court entered judgment of conviction for four offenses. Id.

 On review, this Court affirmed the trial court's judgment. See Martinez v. State,
161 S.W.3d 697, 706 (Tex. App.--Austin 2005). The court of criminal appeals reversed. The court
first held that the trial court "committed no error in submitting the various paragraphs in six separate
verdict forms." Id. at *10. The court reasoned that "[t]hese paragraphs were all pled in the
indictment, so the State was entitled to prosecute all of them." Id. at *10-11. The court went on to
explain:


When confronted with a single count that contains multiple allegations that are really
separate offenses, the trial judge should protect the rights of both parties by
submitting the separate allegations to the jury, but in such a way as to ensure that
each allegation is decided unanimously. Perhaps the simplest way to do that is to
submit separate verdict forms, as was done in the present case. 



Id. at *11-12.

 However, the court further held that "rendering judgment" on all four convictions 
was error. See id. at *12. The court stated that "since each 'count' alleges a single offense, an
indictment cannot authorize more convictions than there are counts." Id. at *8-9. "Because there
were only three counts . . . the indictment authorized only three convictions (and only one conviction
per count)." Id. at *9.

 The court concluded that it is the role of the trial court to ensure that the defendant
is not convicted of more offenses than are authorized by the indictment:


The jury need not be concerned with the legal niceties surrounding the structure of
the offenses within the indictment. That is the trial judge's job. Once the judge
receives the jury's verdicts, he should perform the task of deciding what judgment
is authorized by those verdicts in light of the controlling law, the indictment, and the
evidence presented at trial. In this case, the trial judge did not perform that task. He
should have realized that the four verdicts of the jury had the legal effect of
authorizing only three judgments of conviction, because the law does not permit
more than one conviction per count in the indictment. 



Id. at *12.

 We are faced with a similar situation. In a three-count indictment, the district court
rendered judgment of conviction for two offenses under Count I and judgment of conviction for three
offenses under Count III. In accordance with the court's decision in Martinez, we hold that it was
error for the trial court to render judgment of conviction on more than one
paragraph per count.  See id.

 We also hold that the error was not harmless, "because appellant was convicted of
more offenses than were authorized by the indictment." Id. at *12. According to the court in
Martinez, this error implicates Fowler's constitutional due-process right to notice and his
constitutional right to a grand jury screening of the charges against him. Id. at *9-10; see
Tex. R. App. P. 44.2(a). Furthermore, "even if viewed as a purely statutory violation [of article
21.24], it affected appellant's substantial rights." Martinez, 2007 Tex. Crim. App. LEXIS at *12;
see Tex. R. App. P. 44.2(b).

 To remedy the district court's harmful error, we must strike one of the two
convictions under Count I of the indictment and two of the three convictions under Count III of the
indictment. (1) See Martinez, 2007 Tex. Crim. App. LEXIS at *12-13. Fowler received the same
punishment for both convictions under Count I and the same punishment for all three convictions
under Count III. According to the court in Martinez, when we are confronted with multiple
convictions that carry the same punishment, "we may strike either conviction." Id.

 However, the court in Martinez chose to strike the conviction that Martinez alleged
violated double jeopardy. Id. Thus, the court did not need to "reach the substance of appellant's
double jeopardy claim." Id. Similarly, we choose to strike the conviction based on the amended
paragraph that Fowler alleges violates article 28.10 of the code of criminal procedure--Count III,
paragraph three. Thus, we need not address Fowler's fourth and fifth issues.

 We also choose to strike Count I, paragraph three and Count III, paragraph two. We
do so in order to be consistent with this Court's recent decision in Williams v. State,
No. 03-06-00039-CR, 2007 Tex. App. LEXIS 4295 (Tex. App.--Austin July 27, 2007, no pet. h.),
in which we held that "when our application of the 'most serious' offense or punishment test yields
an indeterminate conclusion,"--as it does in this case--the conviction that should be affirmed is the
offense named in the first verdict form. Id. at *20. Thus, we affirm the convictions in Count I,
paragraph two and Count III, paragraph one. Of course, because there was only one conviction in
Count II, we also affirm that conviction. 


CONCLUSION

 There are six judgments before us. We affirm the judgments of conviction in Count I,
paragraph two, Count II, and Count III, paragraph one. We reverse and dismiss the judgments of
conviction in Count I, paragraph three, Count III, paragraph two, and Count III, paragraph three.


 ____________________________________

 Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Waldrop

Affirmed in part; Reversed and Dismissed in part

Filed: June 21, 2007

Publish
1. Without citing to authority, Fowler asserts that to remedy this error we should reverse all
of his convictions and remand the case for a new trial. However, the court in Martinez indicated that
the proper remedy is to strike the convictions that violate article 21.24 and reform the judgment
accordingly. See Martinez v. State, No. PD-0575-05, 2007 Tex. Crim. App. LEXIS 694, at *13
(Tex. Crim. App. June 6, 2007). We shall apply the remedy approved in Martinez.