Oscar SALINAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 47970.

Court of Criminal Appeals of Texas.

April 3, 1974.

Rehearing Denied April 24, 1974.

Wayne I. Fagan (Court appointed), San Antonio, for appellant.

Ted Butler, Dist. Atty., Gus Wilcox and David Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the sale of heroin; the punishment, imprisonment for thirteen years.

■ The appellant urges that the trial court erred in admitting into evidence the results of the gas chromatography test performed upon State's Exhibit 3 by Torraco, the chemist for the San Antonio Police Department. Torraco was qualified as an expert witness and testified that he used several procedures to determine that State's Exhibit 3 was heroin. The analysis included the use of gas chromatography and thin layer chromatography. Since at the time of trial there was no objection to Torraco's testimony nothing was preserved for review. See Haggerty v. State, 491 S. W.2d 916 (Tex.Cr.App.1973).

■ The appellant also contends that the Court erroneously admitted the heroin into evidence because a chain of custody had not been established. The appellant's specific objection was that neither the undercover agent Chevera nor Officer Cuellar could identify the brown powdered substance in the envelope, which Torraco said was heroin, as being in fact the same substance contained in the wrapper when Chevera purchased it from the appellant and which he then conveyed to Cuellar, who in turn delivered it to Torraco. We find that the chain of custody was sufficiently shown for the admission of the exhibit and that the objection would be to the weight rather than the admissibility of the evidence. See Cyrus v. State, 500 S.W.2d 656 (Tex.Cr.App.1973); Lee v. State, 496 S.W.2d 616 (Tex.Cr.App.1973); Luna v. State, 493 S.W.2d 854 (Tex.Cr.App.1973); Hice v. State, 491 S.W.2d 910 (Tex.Cr.App. 1973); Kilburn v. State, 490 S.W.2d 551 (Tex.Cr.App.1973). There was no evidence that the exhibit had been tampered with. See Yantis v. State, 476 S.W.2d 24 (Tex.Cr.App.1972); Walker v. State, 470 S.W.2d 669 (Tex.Cr.App.1971).

■ The appellant has presented matters in a pro se brief and appointed appellate counsel has argued additional matters not contained in the brief filed in the trial court and not supported in the record. Counsel's argument is based upon a "Second Motion for New Trial" which was untimely filed. We reject the appellant's request that we consider these matters or that we now remand the cause for further proceedings in the trial court. What we said in Jones v. State, 501 S.W.2d 677 (Tex.Cr.App.1973) is applicable here:

"It can be argued that in the interest of expedient resolution of questions arising out of this trial we should consider the testimony of the witness Walker heard at the untimely hearing on the second motion for new trial. *It is even more important, however, that we follow the demands of procedural rules set down in our criminal code and the deci-*

sions of this Court. *Without the consistency and predictability which result from such a policy, attorneys could not act with certainty to protect the interests and rights of clients, nor could defendants be assured of a fair and equal administration of justice. A defendant's failure to adhere to procedural rules may in a rare instance delay the just resolution of his case by limiting him to his post-conviction remedy. But we are confident that our insistence on these rules in the long run results in swifter, surer justice under law.*"

The judgment is affirmed.

Opinion approved by the Court.