COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| RONNIE JOE MASON, | | No. 08-07-00189-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 371st District Court |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC # 1027079D) |
| | § | |

**O P I N I O N**

Ronnie Joe Mason appeals his convictions of possession of less than one gram of heroin and possession of less than one gram of cocaine, enhanced by two prior felony convictions. After the jury found Appellant guilty, the trial court found both enhancement allegations true, and assessed punishment of twenty years' imprisonment. We reform the judgment to delete the possession of cocaine conviction, and affirm the judgment as modified.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 17, 2006, around 7:30 p.m., Officer S.T. Nguyen of the Forth Worth Police Department responded to a dispatch call regarding a possible drunk driver. When Officer Nguyen arrived at the location described in the call, he observed a blue Saturn traveling in the center lanes of the freeway. Upon further observation, Officer Nguyen watched the Saturn swerve, twice into the right lane and then a third time, almost causing an accident with another vehicle. Officer Nguyen initiated a traffic stop and approached the vehicle. As Nguyen requested Appellant's driver's license and proof of insurance, he noticed Appellant's eyes were bloodshot and watery. Officer Nguyen smelled alcohol in the vehicle and on Appellant, and observed an open twelve ounce can of

Bud Light beer in the center console. Appellant, wearing a traveling pouch across his chest, was arrested after he failed three separate field sobriety tests. A syringe was found in the pouch during a subsequent search incident to Appellant's arrest. After he placed Appellant under arrest, Officer Nguyen kept the pouch in the front seat of his patrol car.

Nguyen transported Appellant to the Mansfield holding facility, where he was booked and his property was inventoried. Officer Nguyen was present during the entire booking and inventory phase; he had possession and control of the pouch for the duration of the process.

Demetria Wise, a correction officer with Mansfield Law Enforcement who inventoried Appellant's property, found two clear capsules containing a brown substance and the syringe in Appellant's pouch. Officer Wise gave the items to Officer Nguyen after notifying him that she was not allowed to keep them. Wise did not mark the capsules before handing them over. Nguyen placed the capsules and syringe in a clear plastic tube and marked it with the police department report number. He put the tube in an envelope and placed it in the secured evidence locker in the property room. Once an officer puts items into the evidence locker, that officer and property room personnel are the only people able to remove them.

Lori Speaker, a forensic scientist with the Fort Worth crime lab assigned to Appellant's case, retrieved the envelope from property room personnel and brought it back to the laboratory. She analyzed the capsules and found that they contained a total of .2 grams of a mixture of heroin and cocaine. At trial, Officer Nguyen and Officer Wise identified the capsules as the same ones that were discovered during Appellant's property inventory. Wise confirmed that the capsules were the same ones that she turned over to Officer Nguyen.

A jury found Appellant guilty of possession of a controlled substance, heroin of less than a gram and cocaine of less than a gram. The trial court found both enhancement allegations true and

sentenced Appellant to twenty years' imprisonment. This appeal follows.

## SUFFICIENCY OF THE EVIDENCE

In his first point of error, Appellant complains that the evidence presented at trial was not legally or factually sufficient to support a guilty verdict. Specifically, Appellant contends that the State failed to prove that: (1) Officer Nguyen had probable cause to stop Appellant's vehicle; and (2) the heroin and cocaine found by Officer Wise belonged to Appellant.

### *Standards of Review*

In reviewing the legal sufficiency of evidence, we consider all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979). We look at "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007), *quoting Cordova v. State*, 698 S.W.2d 107, 111 (Tex.Crim.App. 1985). We must account for "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper*, 214 S.W.3d at 13 *quoting Jackson*, 443 U.S. at 318-19, 99 S.Ct. 2181.

Appellate courts are constitutionally empowered to review the judgment of the trial court to determine the factual sufficiency of the evidence used to establish the elements of an offense. *Johnson v. State*, 23 S.W.3d 1, 6 (Tex.Crim.App. 2000), *citing Clewis v. State*, 922 S.W.2d 126, 129-30 (Tex.Crim.App. 1996). In examining the factual sufficiency of the elements of the offense, all evidence is viewed in a neutral light, favoring neither party. *Clewis*, 922 S.W.2d at 129. In performing our review, due deference is given to the fact finder's determinations. *See Johnson*, 23

S.W.3d at 8-9. Evidence may be factually insufficient if it is so weak that it would clearly be wrong and manifestly unjust for the verdict to stand, or "the adverse finding is against the great weight and preponderance of the available evidence." *Johnson*, 23 S.W.3d at 11. The question that must be answered when reviewing factual sufficiency is whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or proof of guilt, although ample if taken alone, is greatly outweighed by contrary proof. *Id.*

Under the first prong of *Johnson*, we cannot conclude that a conviction is "clearly wrong" or "manifestly unjust" simply because, on the amount of evidence admitted, we would have voted to acquit had we been on the jury. *Watson v. State*, 204 S.W.3d 404, 417 (Tex.Crim.App. 2006). Under the second prong of *Johnson*, we cannot declare that a conflict in the evidence justifies a new trial simply because we disagree with the jury's resolution of the conflict. *Id.* In order to find that evidence is factually insufficient to support a verdict, we must be able to say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict. *Id.*

### Probable Cause & Traffic Violations

As noted by the State, the issue of probable cause is not an element of the charged possession offenses and the trial court did not submit an Article 38.23 instruction to the jury. Therefore, Appellant is not entitled to legal and factual sufficiency review of the probable cause issue.

### Contraband

Where the accused is charged with unlawful possession of a controlled substance, the State must show that: (1) the accused exercised care, control, and management over the contraband; and (2) the accused knew he was in possession of contraband. *Martin v. State*, 753 S.W.2d 384, 386

(Tex.Crim.App. 1988). Possession involves more than simply being where the action is; it requires exercise of "dominion and control" over the thing allegedly possessed. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App. 1985). Evidence must affirmatively link the accused to the contraband by a showing that indicates knowledge and control of the contraband. *Menchaca v. State*, 901 S.W.2d 640, 651 (Tex.App.--El Paso 1995, pet. ref'd), *citing Waldon v. State*, 579 S.W.2d 499, 501 (Tex.Crim.App. 1979). The burden of showing the affirmative link rests on the State. *Menchaca*, 901 S.W.2d at 651, *citing Damron v. State*, 570 S.W.2d 933, 935 (Tex.Crim.App. 1978). Proof of knowledge is an inference drawn by the jury from all circumstances. *Dillon v. State*, 574 S.W.2d 92, 94 (Tex.Crim.App. 1978). Knowledge may arise from the conduct of and remarks by the accused or from circumstances surrounding the acts engaged in by the accused. *Sharpe v. State*, 881 S.W.2d 487 (Tex.App.--El Paso 1994, no pet.).

The "affirmative links" doctrine is the appropriate means of applying the *Jackson* rationality standard of review. *Lassaint v. State*, 79 S.W.3d 736, 740 (Tex.App.--Corpus Christi 2002, no pet.). An affirmative link, which may be shown by either direct or circumstantial evidence, "must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous." *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). Factors that may affirmatively link the accused to contraband include whether: (1) the contraband was in plain view or recovered from an enclosed place; (2) the accused was the owner of the premises or the place where the contraband was found; (3) the accused was found with a large amount of cash; (4) the contraband was conveniently accessible to the accused; (5) the contraband was found in close proximity to the accused; (6) a strong residual odor of the contraband was present; (7) the accused possessed other contraband when arrested; (8) paraphernalia to use the contraband was in view, or found on the accused; (9) the physical condition of the accused indicated recent consumption of the

contraband in question; (10) conduct by the accused indicated a consciousness of guilt; (11) the accused attempted to flee; (12) the accused made furtive gestures; (13) the accused had a special connection to the contraband; (14) the occupants of the premises gave conflicting statements about relevant matters; (15) the accused made incriminating statements connecting himself to the contraband; (16) the quantity of the contraband; and (17) the accused was observed in a suspicious area under suspicious circumstances. *Lassaint*, 79 S.W.3d at 740-41. Any list of affirmative links is non-exclusive. *Castellano v. State*, 810 S.W.2d 800, 805 (Tex.App.--Austin 1991, no pet.). The logical force the factors play in establishing the elements of the offense is more important than the number of factors. *See Jones v. State*, 963 S.W.2d 826, 830 (Tex.App.--Texarkana 1998, pet. ref'd).

In *Menchaca*, inspectors found marijuana hidden throughout the defendant's station wagon and he was the sole occupant of the vehicle. *Menchaca*, 901 S.W.2d at 652 (holding that appellant exercised dominion or control over the station wagon because he was alone in the vehicle). Knowledge of the presence of contraband may be inferred from control over the vehicle in which the contraband is concealed. *Id.* In *Lassaint*, police found cocaine hidden in a speaker box located in the hatchback area of a Geo. *Lassaint*, 79 S.W.3d at 741. The defendant, a passenger in a rental car the Geo had been following, was arrested, charged with, and later convicted of possession of cocaine. *Lassaint*, 79 S.W.3d at 742-43. The Corpus Christi Court of Appeals examined the facts, considered whether any factors affirmatively linked appellant to the cocaine, and reversed the conviction. *Id.* at 743-46 (holding that evidence was insufficient to establish appellant's possession of contraband because the cocaine was not in close proximity to him and not conveniently accessible, no paraphernalia was found on him, and appellant was not intoxicated).

Here, the evidence is both legally and factually sufficient to show Appellant's unlawful possession of a controlled substance. Like the driver in *Menchaca*, Appellant was the driver and sole

occupant of his vehicle. Because Appellant exercised control over his vehicle, and knowledge of the presence of contraband may be inferred by this control, the first element of unlawful possession of a controlled substance is satisfied. *Menchaca*, 901 S.W.2d at 652. The evidence is likewise sufficient to establish Appellant's possession of contraband. Officer Nguyen discovered a syringe in a pouch Appellant was wearing at the time of his arrest. In the same pouch, Officer Wise found two capsules containing a brown substance. Laboratory analysis established that the brown substance was a mixture of cocaine and heroin. The contraband was in close proximity to Appellant and conveniently accessible, as the pouch was near his pocket. Nguyen believed Appellant was intoxicated based on clues the officer observed during Appellant's attempted completion of field sobriety tests. The logical force the links play in establishing the elements of the offense is more important than the number of links. *See Jones v. State*, 963 S.W.2d 826, 830 (Tex.App.--Texarkana 1998, pet. ref'd). These affirmative links establish, to a requisite level of confidence, that Appellant's connection with the drug was more than just fortuitous. *Brown*, 911 S.W.2d at 747. Therefore, Appellant knew that he was in possession of contraband; the second element of unlawful possession of a controlled substance is satisfied. *Menchaca*, 901 S.W.2d at 652. Because the evidence is legally and factually sufficient to prove the essential elements of unlawful possession of a controlled substance beyond a reasonable doubt, we overrule Point of Error One.

## CHAIN OF CUSTODY

In his second point of error, Appellant alleges that the evidence submitted by the State is insufficient to establish the chain of custody. He argues that because Officer Wise did not mark the capsules at the time of seizure, the State cannot prove the substances seized from Appellant were the same ones analyzed and submitted into evidence.

*Standard of Review*

We review a trial court's decision regarding the admissibility of evidence for an abuse of discretion. *Rodriguez v. State*, 203 S.W.3d 837, 841 (Tex.Crim.App. 2006). This standard requires an appellate court to uphold a trial court's decision to admit evidence decision when that decision is within the zone of reasonable disagreement. *Id.* The trial court does not abuse its discretion when the evidence admitted is based on a belief that a reasonable juror could find the evidence has been authenticated or identified. *Pondexter v. State*, 942 S.W.2d 577, 586 (Tex.Crim.App. 1996).

*Evidentiary Foundation*

The Texas Rules of Evidence do not specifically address a chain of custody issue, but they provide that the authentication or identification as a condition precedent to admissibility is satisfied if the evidence is sufficient to support a finding that the matter in question is what the proponent claims. TEX.R.EVID. 901(a). Where proof of chain of custody is necessary, the State must provide proof to establish that the evidence is what the State says it is. *Simmons v. State*, 944 S.W.2d 11, 12-13 (Tex.App.--Tyler 1996, pet. ref'd). The chain of custody may still be sufficiently shown, even when a State witness is unable to identify evidence. *See Salinas v. State*, 507 S.W.2d 730, 731 (Tex.Crim.App. 1974).

In *Simmons*, an undercover narcotics agent purchased rock cocaine from the defendant, took the contraband back to her office, and placed it in a sealed envelope. *Simmons*, 944 S.W.2d at 12. She initialed the envelope and placed it in the evidence locker at the sheriff's office. *Id.* At trial, she identified the envelope as the same one that she placed in the evidence locker. *Id.* A deputy sheriff took the envelope from the evidence locker and transported it to a laboratory for analysis, where the contents were tested and confirmed to be cocaine. *Id.* (holding that the State established the identity of the cocaine through evidence of its proper chain of custody and the cocaine was contraband seized from the defendant, in part because defendant offered no evidence of tampering that might affect

admissibility). The defendant in *Salinas* challenged the admissibility of heroin into evidence, arguing that the chain of custody had not been established because undercover agents could not identify a substance presented at trial as the same one that was purchased from the defendant. *Salinas*, 507 S.W.2d at 731 (holding that the chain of custody was sufficiently shown because defendant's objection would be to the weight rather than the admissibility of evidence, and defendant presented no evidence of tampering).

Although Officer Wise did not mark the capsules at the time they were discovered, a proper chain of custody was established. Both Officer Nguyen and Officer Wise identified the capsules, State's Exhibit No. 2, as the same ones that were discovered during Appellant's property inventory. Wise confirmed that the capsules were the same ones that she turned over to Officer Nguyen. Appellant offered no evidence tampering at trial, nor has he argued such in his appellate brief. Appellant simply argues that the "State cannot be successful in showing that the chain was not broken." The failure of the State's witness to identify an exhibit does not affect its admissibility into evidence. *Salinas*, 507 S.W.2d at 731. Appellant's objection would be to the weight of the evidence, not its admissibility. *Id.* Because the evidence is sufficient to establish a proper chain of custody for the capsules, we overrule Point of Error Two.

**EXTRANEOUS OFFENSE EVIDENCE**

Appellant asserts in his third point of error that the trial court erred in allowing the State to introduce evidence regarding Appellant's alleged DWI stop on June 16, 2006. Specifically, Appellant contends that the "probative value of the DWI did not outweigh the prejudicial effect on the APPELLANT."

*Rule 404(b)*

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person

in order to show action in conformity therewith. TEX.R.EVID. 404(b). However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, or knowledge. *Id.* Absent an abuse of discretion, a trial court's evidentiary ruling will not be reversed. *Green v. State*, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996).

*Same Transaction Contextual Evidence*

"Same transaction contextual evidence" is evidence that reflects the context in which a criminal act occurred. *McDonald v. State*, 148 S.W.3d 598, 601 (Tex.App.--Houston [14th Dist.] 2004, pet. granted). In order to realistically evaluate evidence, a jury has a right to hear what occurred immediately before and after an offense. *Id.* To be admissible under Rule 404(b), same transaction contextual evidence must be necessary to the jury's understanding of the charged offense. *Id.* at 602. Thus, necessity is the "other purpose" for which same transaction contextual evidence is admissible. *Rogers v. State*, 853 S.W.2d 29, 33 (Tex.Crim.App. 1993). Necessity may exist either because: (1) several offenses are so intermixed or connected as to form a single, indivisible criminal transaction, such that in narrating one, it is impracticable to avoid describing the other; or (2) the same transaction contextual evidence tends to establish some evidentiary fact, such as motive or intent. *McDonald*, 148 S.W.3d at 602. This evidence provides the jury information essential to understanding the context and circumstances of events which, although legally separate offenses, are blended or interwoven. *Camacho v. State*, 864 S.W.2d 524, 532 (Tex.Crim.App. 1993). The evidence is not admissible for the purpose of showing character conformity, but rather to illuminate the nature of the alleged crime. *Id.*

Upon timely request, the State must give notice of its intent to introduce "other purpose" extraneous offense evidence "other than that arising in the same transaction." *See* TEX.R.EVID. 404(b). Although necessity is required for same transaction contextual evidence to be relevant under

Rule 404(b) for a purpose other than character conformity, it is not required if evidence arises from the same transaction; this evidence is exempt from the Rule 404(b) notice rule. *McDonald*, 148 S.W.3d at 602.

In *McDonald*, the defendant challenged his conviction of indecency with a child, arguing that the trial court erred in admitting testimony regarding an extraneous offense because the State failed to give adequate notice of its intent to use the evidence at trial. *McDonald*, 148 S.W.3d at 600. The victim testified that on the same day of the offense, during the same visit, and a short time after the offense, appellant: (1) pulled down a cousin's clothes and exposed her; and (2) asked the cousin to touch him inappropriately. *Id.* at 602. But the trial court properly exercised its discretion to conclude that the evidence arose from the same transaction and notice was not required because the evidence was closely related in time, location, and subject matter with the charged offense.

In *Webb v. State*, the defendant was arrested and charged with unauthorized use of a motor vehicle. *Webb v. State*, No. 08-02-00142-CR, 2003 WL 22162337 at *1 (Tex.App.--El Paso 2003, no pet.)(not designated for publication). While questioning a man later identified as Ricky White, an officer observed drug paraphernalia and contraband inside White's motel room. *Id.* White attempted to flee from the police, eventually ending up in the defendant's vehicle, and both were arrested after a high-speed chase. *Id.* The trial court's decision to allow the jury to hear officer testimony related to the events leading up to the defendant's arrest was found to be within the zone of reasonable disagreement. *Id.* at *4 (holding that testimony related to officer observations at the motel provided information essential to understanding the context and circumstances of appellant's involvement with White). For the State to adequately describe the events leading to appellant's arrest, they were allowed to fully explain how and why Ricky White entered the defendant's vehicle. *Id.*

The trial court did not abuse its discretion in admitting Officer Nguyen's testimony regarding Appellant's alleged DWI stop. Testimony regarding his observations of Appellant before, during, and after the traffic stop gave the jury information essential to understanding the context and circumstances of Appellant's arrest and subsequent charges. *Webb*, 2003 WL 22162337 at *4. Nguyen described Appellant's erratic driving that led to the stop, his physical condition during the stop, and his behavior during the field sobriety tests. For the State to describe the events leading to Appellant's arrest, Nguyen was allowed to explain how and why Appellant was stopped. *Id.*

Appellant further contends that the testimony was inadmissible because the State did not give notice of its intent to introduce the evidence. However, the traffic stop was closely related in time, location, and subject matter with Appellant's charged offense; Officer Nguyen's testimony arose from the same transaction and was exempted from the Rule 404(b) notice requirement. *McDonald*, 148 S.W.3d at 602. Appellant was taken directly to the Mansfield holding facility after his arrest, and the pouch he was wearing during the stop contained the contraband related to his charges.

Appellant also argues that the testimony should have been excluded because its probative value is substantially outweighed by its prejudicial effect. *See* TEX.R.EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."). If the trial court overrules an objection to the admissibility of the evidence under Rule 404(b), the objecting party must also make a Rule 403 objection, explaining that the prejudicial potential substantially outweighs the probative value of the evidence, in order to preserve error. TEX.R.EVID. 403; *Montgomery v. State*, 810 S.W.2d 372, 387-88 (Tex.Crim.App. 1990)(op. on reh'g). Appellant made a relevance objection at trial, but he did not object based on Rule 403. We overrule Point of Error Three.

## CHARGE ERROR

In his final point of error, Appellant challenges the trial court's ruling on his request for jury instructions. He complains that the trial court erred in denying his requests for instructions regarding reasonable suspicion, probable cause, and article 38.23 of the Texas Code of Criminal Procedure. Specifically, he maintains that Officer Nguyen's traffic stop amounted to an illegal seizure "made without any reasonable suspicion that he was engaged in criminal activity."

*Article 38.23*

Article 38.23 of the Texas Code of Criminal Procedure prohibits the introduction of illegally obtained evidence against the accused at a criminal trial. TEX.CODE CRIM.PROC.ANN. art. 38.23(a) (Vernon 2005). A jury is instructed to disregard the evidence if that jury believes, or has a reasonable doubt, that the evidence was illegally obtained. *Id.* An instruction under article 38.23 must be included in a jury charge only if there is a factual dispute about how the evidence was obtained. *Garza v. State*, 126 S.W.3d 79, 85 (Tex.Crim.App. 2004). A fact issue about whether evidence was illegally obtained may be raised from any source, and the evidence may be strong, weak, contradicted, unimpeached, or unbelievable. *Id.*

The trial court did not err in denying Appellant's request. A defendant who fails to present or elicit testimony that raises a question of fact is not entitled to an Article 38.23 instruction. *Id.* at 85. A defendant's disagreement with the conclusion that probable cause was shown as a matter of law is not the same as a defendant controverting the facts. *Id.* at 86. (holding that vague suggestions by the defendant's counsel that the officers were on a "fishing expedition," without more, did not create a fact issue). The evidence at trial showed that Appellant violated the Texas Transportation Code[1] when he failed to use a turn signal as he swerved into a separate lane and nearly caused an

---

[1] Subtitle C of Title 7 of the Texas Transportation Code contains the "Rules of the Road," which govern conduct of motor vehicle operators. Section 104(a) of Chapter 545 states that an operator "shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position." TEX.TRANSP.CODE

accident. When a traffic violation is committed within an arresting officer's view, the officer may lawfully stop and detain the person for the violation. *Krug v. State*, 86 S.W.3d 764, 765 (Tex.App.-- El Paso 2002, pet. ref'd). Because Officer Nguyen observed the violation, he had probable cause to stop and detain Appellant. *Krug*, 86 S.W.3d at 765-67. Appellant did not present or elicit any testimony that raised a question of fact concerning the stop. Defense counsel simply argued that the requested instructions be given based on what was "believe[d] to be Officer Nguyen's contradiction of his own testimony." And in his brief, Appellant has failed to direct us to any evidence raising a question of fact. Because we conclude that the trial court did not err in denying the jury instruction we overrule Point of Error Four.

## REFORMATION OF THE JUDGMENT

In its brief, the State requests that we modify the judgment to delete Appellant's conviction of possession of cocaine. The indictment contained a single count but alleged two separate offenses in two paragraphs. Paragraph 1 alleged that Appellant possessed less than a gram of heroin and Paragraph 2 alleged that he possessed less than a gram of cocaine. The charge contained an application paragraph for each offense and separate verdict forms. When multiple offenses are properly joined in a single indictment, each offense should normally be alleged in a separate count. *Owens v. State*, 96 S.W.3d 668, 672 (Tex.App.--Austin 2003, no pet.), *citing* TEX.CODE CRIM. PROC. ANN. art. 21.24(a)(Vernon 2006). A count may contain as many separate paragraphs charging the same offense as necessary. *Id.*, *citing* TEX.CODE CRIM.PROC.ANN. art. 21.24(b). As a general rule, a "count" is used to charge the offense itself and a "paragraph" is that portion of a count which alleges the method of committing the offense. *Id.* at 673. When confronted with a single count that

---

ANN. § 545.104(a)(Vernon 1999). An operator required to give a turn signal shall do so by: (1) using the hand and arm; or (2) lighting signal lamps. *Id.* § 545.106.

contains multiple allegations that are really separate offenses, the trial judge should protect the rights of both parties by submitting the separate allegations to the jury, but in such a way as to ensure that each allegation is decided unanimously. *Martinez v. State*, 225 S.W.3d 550, 555 (Tex.Crim.App. 2007). The simplest way to do that is to submit separate verdict forms, as was done in the present case. *See id.* The trial court was not authorized to render judgment on both of the offenses submitted to the jury because an indictment cannot authorize more convictions that there are counts. *Id.* at 554-55. The indictment in this case is a single count indictment with two paragraphs. Consequently, the indictment authorized only one conviction. *Id.* We therefore reform the judgment to delete the conviction of possession of cocaine. We affirm the judgment as so reformed.

August 26, 2009

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating

(Do Not Publish)