**Robert Homer OWENS, II, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 03–01–00576–CR.

Court of Appeals of Texas,
Austin.

Jan. 16, 2003.

Amy Meredith, Travis C. Williamson, Travis Williamson & Associates, Austin, for appellant.

Lisa Dotin Stewart, Assistant District Attorney, Austin, for appellee.

Before Justices KIDD, B.A. SMITH and YEAKEL.

## OPINION

BEA ANN SMITH, Justice.

Robert Owens II appeals from judgments of conviction for aggravated sexual

assault of a child by contact,[1] indecency with a child by contact,[2] and indecency with a child by exposure.[3] Owens contends that the trial court erred by cumulating his sentences when the evidence shows that he might have committed some of these offenses before the effective date of the statute authorizing cumulation. He also contends that the trial court erred by refusing to require the State to elect between charges of aggravated sexual assault of a child by penetration, of which he was acquitted, and aggravated sexual assault of a child by contact. Because we disagree with Owens's contentions and find no reversible error, we will affirm the convictions.

## BACKGROUND

Owens began inappropriately kissing the complainant, his stepdaughter, almost immediately after he married her mother in Costa Rica in May 1995. The new family moved to Austin in August of that year. At that time, the complainant was almost six years old. The complainant began first grade in Austin that same August, and, a short time later, began to see a counselor to help her deal with behavioral problems she was having at home. The complainant remained in counseling for a little over a year. It is not clear from the record whether any form of sexual abuse occurred during this period. At some point, likely after the complainant had finished her counseling, Owens began to severely sexually abuse her. The complainant testified that every Saturday when her mother was at work, beginning some time when she was six or seven years old, Owens would take her into the master bedroom and (1) touch his "private" to her "private," (2) lick his fingers and touch her "private" with them, (3) make her touch his "private" with her hand, and (4) masturbate in front of her. She claimed that he did (1), (2), and (4) "all the time," while he did (3) often, but not as frequently as (1), (2), and (4). She also testified that one day while she was in the backyard playing a recorder she received in the fifth grade, Owens masturbated in front of her. On May 28, 1999, the complainant made an outcry to her mother and told her "what Robert [Owens] was doing." The complainant's mother then called the police.

The State presented several additional witnesses, including the complainant's mother, officer Dana Munguia who responded to her call, and Dr. Beth Nauert who later examined and interviewed the complainant. They all testified about their conversations with the complainant and each essentially corroborated the complainant's testimony. The only discrepancy of note is that Dr. Nauert and officer Munguia testified that the complainant told them that Owens had also penetrated her, while the complainant testified that Owens's "private" touched only the outside of her "private." Dr. Nauert further testified that the complainant told her that on the night she made the outcry, she was afraid that Owens would abuse her the next day while her mother was at work.

The indictment was composed of three counts containing a total of four para-

---

1. Tex. Pen.Code Ann. § 22.021(a)(1)(B)(iv) (West Supp.2003). The jury assessed punishment for this offense at imprisonment for twenty-five years and a $10,000 fine.

2. Tex. Pen.Code Ann. § 21.11(a)(1) (West Supp 2003). The jury assessed punishment for this offense at imprisonment for ten years and a $5,000 fine.

3. Tex. Pen.Code Ann. § 21.11(a)(2)(A) (West Supp.2003). The jury assessed punishment for this offense at imprisonment for ten years and a $3,000 fine. The jury also recommended probation for this offense.

graphs. Count one, paragraph one alleged that Owens penetrated the complainant's sexual organ. Tex. Pen.Code Ann. § 22.021(a)(1)(B)(i) (West Supp.2003). Count one, paragraph two alleged that Owens caused the complainant's sexual organ to contact his sexual organ. *Id.* § 22.021(a)(1)(B)(iv). Count two alleged in a single paragraph that Owens touched the complainant's genitals with the intent to arouse or gratify his sexual desire. *Id.* § 21.11(a)(1). Count three alleged in a single paragraph that Owens exposed his genitals in the complainant's presence with the intent to arouse or gratify his sexual desire. *Id.* § 21.11(a)(2)(A). Each paragraph was submitted to the jury as a separate offense. The jury returned a verdict of not guilty on the charge of aggravated sexual assault of a child by penetration as alleged in count one, paragraph one, and returned verdicts of guilty on the three other alleged offenses.

## DISCUSSION

▮▮▮ In his first issue, Owens claims that the trial court erred in cumulating his three sentences. On December 8, 1999, Owens was charged with four offenses as described above. The indictment alleged that each of these offenses took place on or about May 15, 1999. Because the State used the phrase "on or about," it was free to prove that these offenses occurred on

any date prior to the presentment of the indictment and within the statutory limitations period. *Sledge v. State,* 953 S.W.2d 253, 256 (Tex.Crim.App.1997); *Berrios–Torres v. State,* 802 S.W.2d 91, 95 n. 2 (Tex.App.-Austin 1990, no pet.); *see also* Tex.Code Crim. Proc. Ann. art. 21.02(6) (West 1989). At trial the State offered evidence of multiple and frequent abusive episodes, each constituting one or more of the charged offenses, likely beginning sometime in 1996 and continuing unabated until the date of outcry in May 1999.

Ordinarily, when a defendant has been convicted of multiple offenses that have been properly joined and prosecuted in a single trial,[4] the sentences must run concurrently. *See* Tex. Pen.Code Ann. § 3.03(a) (West Supp.2003). There are, however, statutory exceptions to this rule that allow courts to impose consecutive sentences in certain circumstances or for certain offenses. *See id.* § 3.03(b). These exceptions were enacted in 1997 when the legislature amended section 3.03 of the penal code and were specifically made non-retroactive.[5] The exception pertinent to this case allows courts to impose consecutive sentences for certain sexual offenses, including aggravated sexual assault of a child and indecency with a child. *See id.* § 3.03(b)(2)(A).

▮▮▮ Owens argues that the State had to prove beyond a reasonable doubt that

---

4. The joinder rules of the penal code allow the State to prosecute all offenses arising out of the same criminal episode in a single trial. *See* Tex. Pen.Code Ann. § 3.02(a) (West 1994). The code defines "criminal episode" as, among other things, "the commission of two or more offenses [when] ... the offenses are the repeated commission of the same or similar offenses." *Id* § 3.01 (West 1994). Neither Owens nor the State alleges improper joinder.

5. The legislature provided:

(a) The change in law made by this Act applies only to an offense committed on or after the effective date of this Act. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date.

(b) An offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 7, 1997 Tex. Gen. Laws 2250, 2252.

each element of the three offenses occurred after September 1, 1997. We disagree. The date of commission is not an element of any crime, and section 3.03(b) does not specify an evidentiary burden to trigger the court's authority to cumulate sentences. We believe that the trial court has discretion to cumulate sentences under section 3.03(b) when there is some evidence that the offenses occurred after September 1, 1997. *See Miller v. State*, 33 S.W.3d 257, 261 (Tex.Crim.App.2000) (similarly construing trial court's authority to cumulate current sentences with those of prior convictions under section 42.08 of code of criminal procedure).

The trial court therefore had the discretion to order consecutive sentences so long as some evidence indicated that Owens committed the crimes he was convicted of after September 1, 1997, the effective date of the amendment. *See Yebio v. State*, 87 S.W.3d 193, 195 (Tex.App.-Texarkana 2002, no pet.). Owens seems to imply that the crimes he was convicted of were continuing offenses with elements occurring both before and after September 1, 1997. This is incorrect. Each discrete assault and act of indecency constitutes a separate completed offense. *See, e.g., Patterson v. State*, 96 S.W.3d 427, 433–34 (Tex.App.-Austin 2002, pet. filed).

In this case, the evidence supports the trial court's exercise of discretion under penal code section 3.03(b). Although the victim's testimony sometimes conflicted as to dates of the sexual assaults, a reasonable view of the evidence as a whole supported the trial court's exercise of its discretion to run Owens's sentences consecutively. The record contains evidence indicating that Owens indeed committed all three of the crimes he was convicted of after September 1, 1997. We overrule Owens's first issue.

■ In his second issue, Owens argues that the court erred by refusing to require the State to elect between paragraphs one and two of count one of the indictment and by submitting each paragraph to the jury as a separate offense. Paragraph one alleged aggravated sexual assault of a child by penetration, and paragraph two alleged aggravated sexual assault of a child by contact.

■ When multiple offenses are properly joined in a single indictment, each offense should normally be alleged in a separate count. *See* Tex.Code Crim. Proc. Ann. art. 21.24(a) (West 1989). In such cases, the State is not required to elect between counts and each count may be submitted to the jury.[6] *Patterson*, 96 S.W.3d at 433; *Thacker v. State*, 999 S.W.2d 56, 63 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd). A count may contain as many separate paragraphs as necessary. Tex.Code Crim. Proc. Ann. art. 21.24(b) (West 1989). Owens argues that count one should be read as alleging a single offense, aggravated sexual assault of a child, with each paragraph merely alleging an alternate manner of committing the offense in order to meet possible variations in the proof. Thus, Owens contends the trial court should have authorized his conviction for aggravated sexual assault of a child under either paragraph one or paragraph two of count one, but not both.

---

**6.** However, when the State alleges that *a single charged offense* occurred on multiple occasions, it is required to elect, on timely motion by the defense, which of those occasions it will rely upon to pursue a conviction. *See Gutierrez v. State*, 8 S.W.3d 739, 748 (Tex. App.-Austin 1999, no pet.).

 As a general rule, a "count" is used to charge the offense itself and a "paragraph" is that portion of a count which alleges the method of committing the offense. *Patterson*, 96 S.W.3d at 433; *see also Renfro v. State*, 827 S.W.2d 532, 535 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd). However, the substance of the allegation determines its character as a "count" or a "paragraph," not the terminology used. *Patterson*, 96 S.W.3d at 433.

 Those who commit multiple discrete assaults against the same victim are liable for separate prosecution and punishment for every instance of such criminal misconduct. *Id.* 96 S.W.3d at 433. In this case the testimony of various witnesses described multiple distinct assaults, some constituting sexual assault by penetration, others constituting sexual assault by contact. Under these circumstances, the trial court did not err by treating the two aggravated sexual assault "paragraphs" as "counts" alleging two discrete offenses and authorizing Owens's conviction for both.[7] We therefore overrule Owens's second issue.[8]

 In his third issue, Owens complains about the cumulative effect of the State's improper jury argument and questioning of witnesses. However, in each instance he complains of in his brief, the trial court sustained his objection. To preserve error for appellate review, the complaining party must timely make a specific objection and obtain an adverse ruling. *See* Tex.R.App. P. 33.1(a). Owens did not obtain an adverse ruling on any of these matters. We therefore overrule his third issue. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex.Crim.App.1999) (stating that while it is conceivable that a number of errors may be found harmful in their cumulative effect, non-errors may not in their cumulative effect cause error).

## CONCLUSION

Having overruled all of Owens's issues, we affirm the judgment of the trial court.

---

7. While the trial court did not err under these circumstances, the better practice is to state each offense as a separate count. *See* Tex. Code Crim. Proc. Ann. art. 21.24(a). We strongly caution the State against using this type of drafting to obtain a tactical advantage at trial, thereby creating confusion as to whether the paragraph describes a separate offense or an alternate manner and means of committing the same offense.

8. Because of our resolution of this issue, we will not address the State's argument that Owens's motion for election was untimely.