In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00171-CR


______________________________




T. C. ANDERSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 196th Judicial District Court


Hunt County, Texas


Trial Court No. 21,057




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 T. C. Anderson appeals from his conviction for sexual assault on a child younger
than seventeen years of age. The State, in a single indictment, alleged fourteen counts
of the offense, on different dates. (1) A jury found Anderson guilty on all counts and
assessed punishment at life imprisonment. In a companion appeal, No. 06-02-00172-CR,
Anderson appeals his convictions on two counts of indecency with a child by sexual
contact and thirteen counts of aggravated sexual assault on a child younger than fourteen 
years of age. (2)

 Anderson contends that the evidence is insufficient to support a finding of guilt on
each of the separate counts, that he received constitutionally ineffective assistance of
counsel, and that the trial court erred by failing to disqualify his trial counsel when he
discovered midtrial his wife had some contact with the victim. 

 In our review of the legal sufficiency of the evidence, we view the relevant evidence
in the light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In reviewing for factual
sufficiency, we view the evidence in a neutral light, favoring neither party. Id. We set aside
the verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Id.

 In this case, the victim testified Anderson began sexually assaulting her occasionally
at first, but almost immediately began assaulting her every other day, and he had assaulted
her too many times for her to count. She did not testify about any specific dates on which
the abuse began, but testified it had begun the summer before she started sixth grade (or
approximately May 1994) and ended sometime around September 20, 1999, about the
time she began her junior year in high school. 

 Anderson contends the evidence is insufficient because there is no evidence to link
any particular act to any particular date. The fourteen counts of the indictment all contain
the same allegations-but with different dates, beginning with "on or about the 17th day of
October, A.D. 1996," and continuing with specified dates at two-month intervals through
April 17, 1998, and then continuing at monthly intervals until September 17, 1998.

 The state is not required to allege a specific date in an indictment. Mitchell v. State,
168 Tex. Crim. 606, 330 S.W.2d 459, 462 (1959). The "on or about" language is sufficient,
so long as the act occurred before the date of the presentation of the indictment, but within
the relevant limitations period. Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App.
1997); Thomas v. State, 753 S.W.2d 688, 692 (Tex. Crim. App. 1988).

 This indictment alleges that an offense occurred "on or about" a particular date. 
Therefore, the State is not bound by the date and may prove any offense of the character
alleged within the period covered by limitations for that offense. Sledge, 953 S.W.2d at
255-56; see 2 Barry Helft & John Schmolesky, Texas Criminal Practice Guide § 41.02[6]
(2003).

 The victim did not testify about specific dates, or even approximate dates, for any
of the acts. She testified about beginning and ending dates for them, and that they
occurred for a substantial period of time on an almost every other day basis. Does this
allow a jury to conclude that fourteen separate acts occurred, on or about fourteen
particular dates during that time frame? Based on the broad interpretation of that phrase,
we conclude it does. The number of times the act occurred is clearly more than the
fourteen times alleged. The dates on which they occurred were not testified to with
specificity, but the evidence does show they occurred during the time period alleged by the
State.

 We conclude the evidence is legally and factually sufficient to support the verdict.

 Anderson next contends he received ineffective assistance of counsel at trial. The
standard of testing claims of ineffective assistance of counsel is set out in Strickland v.
Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional claims in
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on this claim,
an appellant must prove by a preponderance of the evidence (1) that his or her counsel's
representation fell below an objective standard of reasonableness, and (2) that the
deficient performance prejudiced his or her defense. Strickland, 466 U.S. at 687; Rosales
v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, the appellant
must prove that his or her attorney's representation fell below the standard of prevailing
professional norms and that there is a reasonable probability that, but for the attorney's
deficiency, the result of the trial would have been different. Tong v. State, 25 S.W.3d 707,
712 (Tex. Crim. App. 2000). Under this standard, a claimant must prove that counsel's
representation so undermined the proper functioning of the adversarial process that the
trial cannot be relied on as having produced a just result. Strickland, 466 U.S. at 686. 

 Our review of counsel's representation is highly deferential, and we indulge a strong
presumption that counsel's conduct falls within a wide range of reasonable representation. 
Id.; Tong, 25 S.W.3d at 712. This Court will not second-guess through hindsight the
strategy of counsel at trial, nor will the fact that another attorney might have pursued a
different course support a finding of ineffectiveness. Blott v. State, 588 S.W.2d 588, 592
(Tex. Crim. App. 1979). That another attorney, including appellant's counsel on appeal,
might have pursued a different course of action does not necessarily indicate ineffective
assistance. Harner v. State, 997 S.W.2d 695, 704 (Tex. App.-Texarkana 1999, no pet.). 
Any allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999).

 Anderson directs us to three alleged errors. First, he argues counsel was ineffective
because he did not object to the array. In that argument, he takes the position that,
because the record shows Anderson was part of a protected class, counsel had the duty
to either object to some aspect of the juror selection process or at least make a record to
show he did not observe any indication of racial bias in jury selection. We disagree. 
Counsel should object if counsel observes objectionable activities. Counsel is not required
to make a record when no error is observed.

 Second, Anderson argues counsel erred by bringing to the jury's attention that
Anderson had been previously tried for these same offenses and that a mistrial had
resulted because the jury was unable to reach a verdict. However, it is tactically sound for
counsel to point out to a jury that another jury had found the same evidence insufficient to
support a conviction, with at least the possible conclusion being drawn that this jury should
go and do likewise. We will not second-guess a reasonable tactical decision by counsel.

 Third, Anderson argues counsel was ineffective because he did not object to the jury
charge. This argument is grounded on his contention that the jury charge was improper
because it allowed the jury to consider every count in both indictments and that counsel
was ineffective because he did not object to the charge on that basis. The first question
is whether any error has been shown which would justify such a finding. 

 As pointed out by the State, Tex. Code Crim. Proc. Ann. art. 21.24(a) (Vernon
1989) provides specifically that, when multiple offenses are committed during a criminal
episode, they may be stated in separate counts. Under such circumstances, multiple
convictions are permissible in the form alleged in this indictment and the connected charge.
See LaPorte v. State, 840 S.W.2d 412, 413-14 (Tex. Crim. App. 1992). In such cases, the
state is not required to elect between counts, and each count may be submitted to the jury. 
Patterson v. State, 96 S.W.3d 427, 433 (Tex. App.-Austin 2002, pet. granted); Thacker v.
State, 999 S.W.2d 56, 63 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd). Those who
commit multiple discrete assaults against the same victim are liable for separate
prosecution and punishment for every instance of such criminal misconduct. Owens v.
State, 96 S.W.3d 668, 673 (Tex. App.-Austin 2003, no pet. h.); Patterson, 96 S.W.3d at
433-34. The charge, although unwieldy because of its length, was not objectionable on
the basis suggested. Accordingly, it does not appear that counsel committed any error by
failing to raise such an objection.

 Anderson has not shown this Court that counsel was constitutionally ineffective. 
The contention of error is overruled.

 Anderson next contends the trial court erred by failing to find that trial counsel had
a conflict of interest and allowing him to continue to represent Anderson at trial. The
record shows that, during the midst of trial, for the first time, trial counsel became aware
that his wife, a counselor employed by the school system, had been present when the
victim came into the school office in connection with the allegations at bar in this case. 

 A conflict of interest is shown to exist when counsel is required to make a choice
between advancing his client's interest in a fair trial or advancing other interests (perhaps
his own) to the detriment of his client's interest. Routier v. State, No. 72795, 2003 WL
21185818, at *23 (Tex. Crim. App. May 21, 2003); James v. State, 763 S.W.2d 776, 779
(Tex. Crim. App. 1989); State v. Kelley, 20 S.W.3d 147, 154 (Tex. App.-Texarkana 2000,
no pet.). Appellate counsel advances the claim by suggesting that some contact existed
between trial counsel's wife and the victim which in some way would show that a conflict
existed between trial counsel's interest and Anderson's interest. 

 The record of a hearing held out of the presence of the jury on this matter shows
that, at most, trial counsel's wife was in the room as the victim came through on her way
to another counselor's office. The evidence shows she left before the victim began talking
to the counselor, and the victim testified she told them nothing about the matters at bar,
but merely that she had some personal and family problems and that she did not want to
talk about them. Trial counsel stated that his wife had not talked with him about the
meeting and that she was probably not even aware of his participation in Anderson's trial.

 Under these circumstances, we find no indication of any activity that would justify
a suggestion of an actual conflict of interest. Error has not been shown.

 We affirm the judgment.

 Donald R. Ross

 Justice


Date Submitted: September 26, 2003

Date Decided: September 30, 2003


Do Not Publish

1. The present appeal is from the convictions on the indictment for the dates between
October 17, 1996 and September 17, 1998.
2. The companion appeal is from the convictions on the indictment for the dates
between May 17, 1994 and September 17, 1996.