

## NUMBER 13-10-308-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**MANUEL VARGAS GONZALEZ,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                               **Appellee.**

---

## On appeal from the 93rd District Court of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes**
**Memorandum Opinion by Justice Vela**

A jury convicted appellant, Manuel Vargas Gonzalez, of ten counts of aggravated sexual assault of a child under fourteen years of age, *see* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2010), three counts of sexual assault of a child, *id.* § 22.011(a)(2); three counts of sexual assault, *id.* § 22.011(a)(1), and thirteen counts of

indecency with a child by sexual contact. *Id.* § 21.11(a)(1). The jury assessed punishment at fifty years' imprisonment for each conviction for aggravated sexual assault of a child and twenty years' imprisonment for each of the remaining convictions. By three issues, appellant argues the evidence is insufficient to support the convictions, the trial court erred in stacking his sentences, and the trial court erred in refusing to strike the "on or about" language from the jury charges. We affirm.

## I. FACTUAL BACKGROUND

### A. State's Evidence

This case concerns numerous sex offenses perpetrated by appellant against two victims, D.G. and her older sister, R.G., who lived with their mother in Hidalgo County, Texas. Appellant is D.G.'s biological father. Even though appellant was not married to the victims' mother but was married to "somebody else," he would stay with D.G., R.G., and their mother about every three days.

D.G. and R.G. testified appellant sexually abused them over a period of several years. Specifically, D.G. testified that when she was five years old, appellant "would touch my vagina" with his hand, fingers, and penis. When she was six years old, she went to Reynosa and returned when she was nine. When she returned from Reynosa, appellant resumed touching her vagina with his hand. She said this conduct occurred from the time she was nine until she was thirteen. She also testified appellant's "penis was in [her] mouth" and "that he did go inside [her] vagina with [his] fingers[.]"

On cross-examination, when defense counsel asked D.G., "You make an allegation, according to the indictment, . . . that Manuel [appellant] had penetration with

2

his sexual organ on your mouth--", she said, "Yes." Next, he asked her, "[I]s that correct?", and she said, "Yes." She stated that the reason she told a police officer there was no penetration was because she was "scared."

R.G. testified that on one occasion when she was ten years old, appellant touched her breast with his hand. From the time she was ten until the time she was twenty, he touched her vagina with his hand about three times a week. When she was eleven years old, appellant started putting his penis inside her vagina. This conduct occurred every year until she was twenty years old.

On cross-examination, when defense counsel asked R.G., "You have alleged that these incidents occurred from 1998 to 2007; is that correct?", she said, "Yes." Defense counsel also asked R.G. about what she told the police concerning appellant's conduct. When defense counsel asked her, "Did you tell him [Officer Ocanas] that three days out of the week, you were having sexual intercourse with your father [appellant]?", she said, "Yes." Next, defense counsel asked her, "And that initial time, when you said father, did you mention Manuel [appellant]?" To this, she said, "Yes." She said that when she turned twenty, she and appellant had sex "maybe once a week. . . ."

On September 10, 2007, Elvia Munguia, a sexual assault medical examiner, examined D.G., who was thirteen years old. She told Munguia she had never been sexually active with anybody, but that she had been abused by her father. She told Munguia that "he had penetrated her with a finger" and that he "would insert his penis in her genitalia." When the prosecutor asked Munguia if she found "Any . . . abnormality with respect to her [D.G.'s] hymen?", she said, "I saw some indentation . . . which was not

3

normal." She said this indicated "there may have been some stretching or something that did cause that, some penetration." Munguia testified her finding was consistent with the sexual act D.G. described "of the finger maybe being penetrated in the vagina, possibly rubbing of the penis. . . ."

On September 24, 2007, Munguia examined R.G., who was twenty years old. During the exam, she told Munguia she was not sexually active with anybody other than her stepfather (appellant). She told Munguia that appellant had last assaulted her on May 17, 2007. Munguia testified that R.G. said that appellant "put his penis into her vaginal area; with his hands he had touched her vaginal area." Munguia discovered "a complete tear of [R.G.'s] hymen in one area. . . ." She said this is "not normal" and could happen "[w]ith penetration." She said this would indicate a painful penetration. She concluded that R.G.'s tear "was consistent with sexual assault that she described, and it was consistent with the time of the last incident that she described." She also stated, "[T]his was a big separation that, because of continuous penetration never got to heal and close, until it healed and it was left this way."

On cross-examination, Munguia said that a penis was not the only object that could have caused this tear in R.G.'s genital. She said the tear could have been caused by a pole or a bottle going into the vagina.

R.M.G., the mother of D.G. and R.G., testified that in May 2007, she and appellant went to Falfurrias, Texas, leaving D.G. and R.G. home alone. While in Falfurrias, R.M.G. was charged with possession of marihuana and served "[s]ix months" for this crime. R.M.G. knew that appellant had a wife and family living in Pharr, Texas. She denied

4

knowing that appellant was either having sexual intercourse with R.G. or "putting his penis in [D.G.'s] mouth[.]"

## B. Appellant's Evidence

Jose Luis Gonzalez testified that from 1999 to 2007, appellant worked as a painter and would go up to Minnesota "to pick up cars to fix, repair."   He stated appellant would go to Minnesota once a month and would be gone two or three weeks at a time.   When the cars were repaired, he and appellant would sell them.

Jose Hernandez Jr., who is thirty-three years old, testified he fixed and painted cars for a living and had performed this type of work for more than twenty years.   When he was ten or eleven years old, he began working with appellant, fixing and painting cars. He testified appellant had been going up north to buy cars "[s]ince I've known him."   He stated that sometimes appellant would be gone up north for a "whole month."   On cross-examination, Hernandez testified he knew appellant was married and "that he had a girlfriend on the side."

Felipe Ocanas, a McAllen police officer, interviewed D.G. and R.G. about their complaints of sexual abuse.   He testified that according to R.G., the sexual assault occurred from April 1998 to approximately April 4, 1999.   R.G. told him that "at least three times a week she was persuaded to have sexual intercourse with her father."   At that time, R.G. was approximately eleven years old.   When Officer Ocanas interviewed R.G., she did not want to press charges.

In addition, he testified that D.G. told him she "was led to being touched by her father. . . ."   This conduct started when D.G. was approximately five years old and

5

occurred "[a]t least three days out of the week." He said the "specific details were that she was being molested by her father putting his hand on her vagina and also him specifically touching her vagina with his penis." He said there was "no penetration during the . . . sex." On cross-examination, Officer Ocanas testified that R.G. told him that "the father penetrated her vagina with his penis" and that "she told her father that she did not want to have sexual intercourse with him."

## II. DISCUSSION

### A. Sufficiency of the Evidence

In issue one, appellant argues the evidence is insufficient to support his convictions.

#### 1. Standard of Review

"When reviewing a case for legal sufficiency, we view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Winfrey v. State*, 323 S.W.3d 875, 878–79 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Accordingly, "we 'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Id.* at 879 (quoting *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). "It has been said quite appropriately, that '[t]he appellate scales are supposed to be weighted in favor of upholding a trial court's judgment of conviction, and this weighting includes, for example, the highly deferential standard of

6

review for legal-sufficiency claims.'" *Id.* (quoting *Haynes v. State*, 273 S.W.3d 183, 195 (Tex. Crim. App. 2008) (Keller J., dissenting) (citing *Jackson*, 443 U.S. at 319)). "We must therefore determine whether the evidence presented to the jury, viewed in the light most favorable to the verdict, proves beyond a reasonable doubt that appellant" committed the crime for which the jury found him guilty. *See id.* "It is the obligation and responsibility of appellate courts 'to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime that was charged.'" *Id.* at 882 (quoting *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)). In addition, "'[i]f the evidence at trial raises only a suspicion of guilt, even a strong one, then that evidence is insufficient [to convict].'" *Id.* (quoting *Urbano v. State*, 837 S.W.2d 114, 116 (Tex. Crim. App. 1992)), *superseded in part on other grounds*, *Herrin v. State*, 125 S.W.3d 436, 443 (Tex. Crim. App. 2002).

**2. Offenses Against D.G.**

**a. Indecency With a Child by Sexual Contact**

The jury convicted appellant of six counts of indecency with a child by sexual contact against D.G. Section 21.11 of the penal code provides that "(a) A person commits an offense if, with a child younger than 17 years of age, . . . the person: (1) engages in sexual contact with the child or causes the child to engage in sexual contact; . . . ." TEX. PENAL CODE ANN. § 21.11(a)(1) (West Supp. 2010). The penal code states that:

> "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

7

(1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitalia of a child; or

(2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

*Id.* § 21.11(c)(1) & (c)(2). In evaluating the sufficiency of evidence establishing intent to arouse or gratify a defendant's sexual desire, the requisite intent can be inferred from the defendant's conduct, his remarks, and all surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981).

In this case, the trial court submitted a separate charge for each offense. Each of the six charges to the jury stated, in relevant part, that appellant "did then and there engage in sexual contact with [D.G.], the victim, a child younger than 17 years of age and not the spouse of Defendant, by then and there touching part of the genitals of the victim, with intent to arouse and gratify the sexual desire of the Defendant, . . . ." The State alleged that one offense occurred on or about February 3, 2000 and that the remaining offenses occurred on or about February 3 of each year, beginning in 2003 and ending in 2007.

D.G. testified she was born on February 3, 1994 and that when she was five years old, appellant "would touch my vagina" with "[h]is hand." When the prosecutor asked her, "How many times a week would he touch your vagina with his hand?", she said, "Every time he would go visit us." Next, the prosecutor asked her, "And how often would that be?" To this she said, "Three times per week." When she was six years old, she went to Reynosa and returned when she was nine. When she returned from Reynosa, appellant "was . . . touching [her] vagina with his hand again[.]" When the prosecutor

8

asked her, "Was there ever a time that that stopped, besides when you went to Mexico?", she said, "No." She no longer had any contact with appellant after May 2007. At that time, she was thirteen years old. Other evidence showed that D.G. was not married to appellant.

Viewing all of the evidence in the light most favorable to the verdict, we hold the evidence is legally sufficient to prove beyond a reasonable doubt that on or about the dates alleged, while D.G. was younger than seventeen and not appellant's spouse, appellant touched part of her genitals with intent to arouse and gratify his sexual desire.

**b. Aggravated Sexual Assault of A Child Under The Age of Fourteen**

The jury convicted appellant of seven counts of aggravated sexual assault of a child under the age of fourteen. The trial court submitted each count to the jury in a separate charge. Section 22.021 of the penal code provides, in relevant part, that "(a) A person commits an offense: (1) if the person: . . . (B) intentionally or knowingly: (i) causes the penetration of the anus or sexual organ of a child by any means; (ii) causes the penetration of the mouth of a child by the sexual organ of the actor; . . . (2) if: . . . (B) the victim is younger than 14 years of age; . . . ." TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) & (ii), (2)(B). The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault of a child. *Perez v. State,* 113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West 2005); *Tear v. State,* 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd).

9

**(i) Penetration of D.G.'s Sexual Organ by Appellant's Finger**

One of the seven charges alleged that appellant on or about February 3, 2000, "intentionally or knowingly cause[d] the penetration of the sexual organ of [D.G.], a child who was then and there younger than 6 years of age and not the spouse of the Defendant, by Defendant's finger, . . . ."

When the prosecutor asked D.G., "[W]as there a time when your father [appellant] touched you in places that made you feel uncomfortable?" To this, she said, "Yes." Next, the prosecutor asked her, "I want you to think about the first time that that happened and tell the jury how old you were." To this, she said, "5 years old." Afterwards, D.G. testified appellant would touch her vagina with his fingers. When the prosecutor asked her, "You're answering that he did go inside your vagina with fingers?", she said, "Yes." And, when the prosecutor asked her, "Only his finger went inside your vagina?", she said, "Yes." Viewing all of the evidence in the light most favorable to the verdict, we hold the evidence is legally sufficient to prove beyond a reasonable doubt that appellant penetrated D.G.'s sexual organ with his finger while she was under the age of six and not his spouse.

**(ii) Contact of D.G.'s Sexual Organ With Appellant's Sexual Organ**

Five of the seven charges alleged appellant "intentionally or knowingly cause[d] his sexual organ to contact the sexual organ of [D.G.], the victim, a child younger than 14 years of age, . . . ." The State alleged that one of these five offenses occurred on or about February 3, 2000 and that the other four occurred on or about February 3 of each year, beginning in 2003 and ending in 2006.

When the prosecutor asked D.G., "Was there any other part of his body that he used to touch your vagina?", she said, "His penis." When the prosecutor asked her, "Did his penis touch your vagina[?]", she said, "Yes." She said this started when she was five years old. When the prosecutor asked her, "How many times would this happen to you?", she said, "Every time he would go visit us." She stated appellant would visit her, R.G., and their mother "[e]very three days." D.G. no longer had any contact with appellant after May 2007 at which time she was still thirteen years old.

Even though the statute speaks of penetration of the sexual organ of a child, and D.G.'s testimony showed appellant touched her vagina with his penis, case law has established that the slightest penetration of the female sexual organ is sufficient to prove penetration, even though the vagina is not entered. *See Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1997) (holding that slightest penetration of female sexual organ is sufficient to prove penetration even though vagina not entered); *Sherbert v. State*, 531 S.W.2d 636, 637 (Tex. Crim. App. 1976). Therefore, viewing all of the evidence in the light most favorable to the verdict, we hold the evidence is legally sufficient to prove beyond a reasonable doubt that on or about the dates alleged, appellant caused his sexual organ to contact and penetrate D.G.'s sexual organ, while she was younger than fourteen years of age.

**(iii) Penetration of D.G.'s Mouth with Appellant's Sexual Organ**

The remaining charge alleged, in relevant part, that appellant on or about May 1, 2007 "intentionally or knowingly cause[d] the penetration of the mouth of [D.G.], a child who was then and there younger than 14 years of age and not the spouse of the

11

Defendant, by the Defendant's sexual organ, . . . ." D.G. testified that when she was nine years old, appellant "wanted to do oral sex. . . ." When the prosecutor asked her, "And his penis was in your mouth?", she said, "Yes." Viewing all of the evidence in the light most favorable to the verdict, we hold the evidence is legally sufficient to prove beyond a reasonable doubt that on or about the date alleged, appellant caused his sexual organ to penetrate D.G.'s mouth while she was younger than fourteen and not his spouse.

### 3. Offenses against R.G.

### a. Aggravated Sexual Assault of A Child Under Fourteen Years of Age

The jury convicted appellant of three counts of aggravated sexual assault of a child under the age of fourteen. The trial court submitted each count to the jury in a separate charge. Each charge alleged, in relevant part, that appellant "intentionally or knowingly cause[d] the penetration of the sexual organ of [R.G.], a child who was then and there younger than 14 years of age and not the spouse of the Defendant, by Defendant's sexual organ, . . . ." The first charge alleged an offense date of on or about April 7, 1999, the second charge alleged an offense date of April 7, 2000, and the third charge alleged an offense date of on or about April 6, 2001.

R.G. testified she was born April 7, 1987. Accordingly, she would be fourteen years old as of April 6, 2001. When she was eleven years old, appellant started putting his penis inside her vagina. This conduct occurred every year until she was twenty years old. Other evidence showed she was not married to appellant. Viewing all of the evidence in the light most favorable to the verdict, we hold the evidence is legally sufficient to prove beyond a reasonable doubt that on or about the dates alleged,

12

appellant caused the penetration of R.G.'s sexual organ by his sexual organ while R.G. was under fourteen years of age and not his spouse.

**b. Sexual Assault of a Child**

The jury convicted appellant of three counts of sexual assault of a child. Section 22.011 of the penal code provides, in relevant part, that "(a) A person commits an offense if the person: . . . (2) intentionally or knowingly: (A) causes the penetration of the anus or sexual organ of a child by any means." TEX. PENAL CODE ANN. § 22.011(a)(2)(A). A "child" is a person younger than seventeen years of age. *See id.* § 22.011(c)(1). The testimony of a child victim alone is sufficient to support a conviction for sexual assault of a child. TEX. CODE CRIM. PROC. ANN. art. 38.07(a).

The trial court submitted each count to the jury in a separate charge. Each charge alleged, in relevant part, that appellant "intentionally or knowingly cause[d] his sexual organ to penetrate the sexual organ of [R.G.], the victim, a child younger than 17 years of age, . . . ." The first charge alleged an offense date of on or about April 7, 2002, the second charge alleged an offense date of on or about April 7, 2003, and the third charge alleged an offense date of on or about April 6, 2004.

The evidence showed that R.G. was under seventeen years of age as of April 6, 2004. In addition, the evidence showed that appellant put his penis inside R.G.'s vagina every year from the time she was eleven years old until she was twenty years old. Other evidence showed she was not married to appellant. Viewing all of the evidence in the light most favorable to the verdict, we hold that the evidence is legally sufficient to prove beyond a reasonable doubt that on the dates alleged, appellant caused the penetration of

13

R.G.'s sexual organ by his sexual organ while she was under seventeen years of age.

**c. Sexual Assault**

The jury convicted appellant of three counts of sexual assault. Section 22.011 states, in relevant part, that "(a) A person commits an offense if the person: (1) intentionally or knowingly (A) causes the penetration of the anus or sexual organ of another person by any means, without that person's consent; . . . ." TEX. PENAL CODE ANN. § 22.011(a)(1)(A). The trial court submitted each count to the jury in a separate charge. Each charge alleged, in relevant part, that appellant "intentionally or knowingly cause[d] the penetration of the sexual organ of [R.G.] by Defendant's sexual organ, without the consent of [R.G.], . . . ." The first charge alleged an offense date of on or about April 7, 2005, the second charge alleged an offense date of on or about April 7, 2006, and the third charge alleged an offense date of on or about May 17, 2007.

The evidence showed R.G. was eighteen years old on April 7, 2005. In addition, the evidence showed appellant put his penis inside R.G.'s vagina every year from the time she was eleven years old until she was twenty years old. She no longer had any contact with appellant after May 2007.

Concerning the issue of R.G.'s consent, section 22.011 of the penal code provides, in relevant part: "(b) A sexual assault under Subsection (a)(1) is without the consent of the other person if: . . . (2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat; . . . ." *Id.* § 22.011(b)(2). Here, the evidence showed appellant began having sexual intercourse

14

with R.G. when she was eleven years old and continued to do so on a regular basis until she was twenty years old. When the prosecutor asked R.G., "Why is it when you got older, when you were 17, 18, 19, 20, that you continued to let the defendant violate you?", she said, "Because if I said no, he would get mad." Next, the prosecutor asked her, "Had you ever said no to him?" To this, she said, "Yes." When R.G. was asked, "What happened when you said no?", she replied, "He got mad." She further testified that neither she nor her mother had a job. R.G. said that if appellant did not take her to the grocery store, she would not have anything to eat. R.G. testified she did not consent to appellant's sexual acts. The record suggests appellant did not allow R.G. to go to school after the seventh grade. R.G. was in the United States illegally and did not have a job. The record shows R.G. was appellant's "sex slave.". Thus, a rational jury could reasonably conclude beyond a reasonable doubt that appellant compelled R.G. to submit to sexual intercourse by threatening to use force; i.e., if she did not consent to having sexual intercourse with him, he would get mad, and she would not have food to eat. Viewing all of the evidence in the light most favorable to the verdict, we hold the evidence is legally sufficient to prove beyond a reasonable doubt that on the dates alleged, appellant, without R.G.'s consent, caused the penetration of R.G.'s sexual organ by his sexual organ while she was seventeen years of age or older and without her consent. *Bernal v. State*, 647 S.W.2d 699, 707 (Tex. App.—San Antonio 1982, no pet.); *Galloway v. State*, 716 S.W.2d 556, 577 (Tex. App.—Waco 1986, pet. ref'd).

15

### d. Indecency With a Child by Sexual Contact

The jury convicted appellant of seven counts of indecency with a child by sexual contact. The trial court submitted each count to the jury in a separate charge. Six of the seven charges alleged, in relevant part, that appellant "did then and there engage in sexual contact with [R.G.], the victim, a child younger than 17 years of age and not the spouse of Defendant, by then and there touching part of the genitals of the victim, with intent to arouse and gratify the sexual desire of the defendant, . . . ." The State alleged that one offense occurred on or about April 6, 2004 and that the remaining offenses occurred on or about April 7 of each year, beginning in 1999 and ending in 2003. The remaining charge alleged that on or about April 7, 1998, appellant "did then and there engage in sexual contact with [R.G.], the victim, a child younger than 17 years of age and not the spouse of Defendant, by then and there touching the breast of the victim, with intent to arouse and gratify the sexual desire of the Defendant, . . . ."

The evidence showed that on April 6, 2004, R.G. was under seventeen years of age. R.G. testified that on one occasion when she was ten years old, appellant touched her breast with his hand. From the time she was ten until the time she was twenty, he touched her vagina with his hand about three times a week. Viewing all of the evidence in the light most favorable to the verdict, we hold the evidence is legally sufficient to prove beyond a reasonable doubt that on or about the dates alleged, while R.G. was younger than seventeen and not appellant's spouse, appellant touched her breast and part of her genitals with intent to arouse and gratify his sexual desire. Issue one is overruled.

16

**B. Cumulation of Sentences**

In his second issue, appellant argues the trial court improperly cumulated his sentences. He argues that "[a]ny acts found to have occurred before September 1, 1997 would not be stackable."

**1. Applicable Law**

The code of criminal procedure generally defines the trial court's discretion to order sentences to run consecutively or concurrently. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2010); *see also Nicholas v. State*, 56 S.W.3d 760, 764–65 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (concluding that "so long as the law authorizes the imposition of cumulative sentences, a trial judge has absolute discretion to stack sentences."). Section 3.03(a) of the penal code provides: "When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by subsection (b), the sentences shall run concurrently." TEX. PENAL CODE ANN. § 3.03(a) (West Supp. 2010). One of the exceptions to this general rule provides that the sentences may run concurrently or consecutively if each sentence is for a conviction of a specific type of offense, including sexual assault, that was "committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section. . . ." *Id.* § 3.03(b)(2)(A). "These exceptions were enacted in 1997 when

17

the legislature amended section 3.03 of the penal code and were specifically made non-retroactive."[1]   *Owens v. State*, 96 S.W.3d 668, 671 (Tex. App.—Austin 2003, no pet.).   The exception pertinent to this case allows trial courts to impose consecutive sentences for certain sexual offenses, including aggravated sexual assault of a child and indecency with a child.   *See* TEX. PENAL CODE. ANN. § 3.03(b)(2)(A).

Appellant argues that "due to the 'on or about' language used, it cannot be said what dates a juror, a combination of jurors nor a unanimous jury found an act to be committed."   However, the trial court submitted each offense to the jury in a separate charge with a corresponding verdict form.   Moreover, "[t]he date of commission [of an offense] is not an element of any crime, and section 3.03(b) does not specify an evidentiary burden to trigger the court's authority to cumulate sentences."   *Owens*, 96 S.W.3d at 672.   In *Owens*, the court stated, "We believe that the trial court has discretion to cumulate sentences under section 3.03(b) when there is some evidence that the offenses occurred after September 1, 1997."   *Id.*; *see Miller v. State*, 33 S.W.3d 257, 261 (Tex. Crim. App. 2000) (similarly construing trial court's authority to cumulate current sentences with those of prior convictions under section 42.08 of the code of criminal procedure).   In the case before us, the trial court therefore had the discretion to order consecutive sentences so long as some evidence indicated appellant committed the

---

[1] The Texas Legislature provided:

> (a) The change in law made by this Act applies only to an offense committed on or after the effective date of this Act.   For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date.

> (b) An offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 7, 1997 Tex. Gen. Laws 2250, 2252.

crimes he was convicted of after September 1, 1997, the effective date of the amendment to section 3.03. *See Owens*, 96 S.W.3d at 672; *Yebio v. State*, 87 S.W.3d 195 (Tex. App.—Texarkana 2002, no pet.).

### 2. Offenses Committed Against R.G.

Appellant argues that "all the counts encompass pre-September 1997 allegations. . . and should not be stacked." We interpret the evidence differently. R.G. testified that when she was ten years old, appellant touched her breast on one occasion, and he touched her "[o]n my vagina" with "[h]is hand." She said the latter conduct happened "[a]bout three times a week" and continued until the time she was twenty. Because R.G. testified she was born on April 7, 1987, she would have still been ten years old after September 1, 1997. Thus, the offenses that occurred when she was ten could have occurred any time between April 7, 1997 and April 6, 1998. Accordingly, there is some evidence that these offenses occurred after September 1, 1997, the date of the amendment to Section 3.03. Because indecency with a child is an exception from the general concurrent sentencing requirement of section 3.03, the trial court was allowed to order appellant's sentence for these offenses to run consecutively. *See* TEX. PENAL CODE ANN. § 3.03(a), (b)(2).

She also testified that when she was eleven, appellant would make his penis contact her vagina, and he would put his penis inside her vagina. She said both types of conduct continued until she was twenty. Because R.G. was born on April 7, 1987, she would have been eleven years old after September 1, 1997. Because aggravated sexual assault of a child is an exception from the general concurrent sentencing

19

requirement of section 3.03, the trial court was allowed to order appellant's sentence for these offenses to run consecutively. *See id.*

Appellant argues that "any acts found to have occurred while [R.G.] was older than 17 should not be stacked since they were not committed against a victim younger than than 17 years of age at the time of the commission of the offense." *See id.* § 3.03(b). The three sexual assault offenses—counts 17, 18, and 19—occurred when R.G. was seventeen years of age or older. The corresponding judgments show the trial court ordered these three counts to run concurrently.

**3. Offenses Committed Against D.G.**

D.G. testified she was born on February 3, 1994. She stated appellant began sexually abusing her when she was five years old. Thus, any sexual offenses committed against her would have occurred well after September 1, 1997. Because the offenses of aggravated sexual assault of a child and indecency with a child by sexual contact are exceptions from the general concurrent sentencing requirement of section 3.03, the trial court was allowed to order appellant's sentence for these offenses to run consecutively. *See id.* Issue two is overruled.

**C. Failure to Strike on or About Language from Jury Charges**

The trial court submitted each offense to the jury in a separate charge with a corresponding verdict form. Each charge alleged the offense occurred "on or about" a specific date. The trial court denied defense counsel's request to strike the "on or about" language from the charges. Because the State used the phrase "on or about," it was free to prove that these offenses occurred on any date prior to the presentment of the

indictment and within the statutory limitations period. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). Even when making an election among acts, the State is not required to prove a specific date. The date of commission is not an element of any crime. *Owens*, 96 S.W.3d at 672. Therefore, we hold the trial court did not err in refusing to strike the "on or about" language from the jury charges. Issue three is overruled.

### III. CONCLUSION

We affirm the trial court's judgments.


ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of November, 2011.

21