

# IN THE
## TENTH COURT OF APPEALS

### No. 10-12-00064-CR

**RONALD ANTONIO BONILLA,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 09-01591-CRF-85

## MEMORANDUM  OPINION

Ronald Antonio Bonilla was convicted of four counts of indecency with a child. TEX. PENAL CODE ANN. § 21.11(a) (West 2011).  Counts one and two involved one victim, M., and counts three and four involved another victim, D.  Bonilla was sentenced to 14 years in prison for each count.  Counts one and two were ordered to run concurrently as were counts three and four.  Counts three and four were then ordered stacked onto counts one and two.  Bonilla appealed.  Because the evidence is sufficient to support each count and because the trial court did not err in admitting extraneous evidence or

in stacking the sentences, the trial court's judgment is affirmed.

## BACKGROUND

Bonilla emigrated from El Salvador and lived with various family members. He settled with his brother for a while and helped his brother with his carpet cleaning business. Bonilla eventually moved out on his own and bought a 4-plex. He still helped his brother with the carpet cleaning business. In 2005, allegations surfaced that he had in some manner sexually abused M. and D. M. and D. initially denied any abuse, and the case was closed. Bonilla then abruptly moved to Houston. In 2008, M. and D. finally made outcries that Bonilla had touched their penises and made them touch his penis many times over several years.

## SUFFICIENCY OF THE EVIDENCE

Bonilla first argues that the evidence was insufficient to support the jury's verdict as to each of the four counts alleged, two involving M. and two involving D., in the indictment against Bonilla.

In reviewing the sufficiency of the evidence to support a conviction, we use the familiar *Jackson v. Virginia* standard by viewing all the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality

op.). If the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326. The factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). A factfinder is permitted to draw reasonable inferences from the facts as long as they are supported by the evidence presented at trial. *Merritt*, 368 S.W.3d at 525.

Bonilla contends that no "rational" finder of fact could have found the essential elements of the crimes beyond a reasonable doubt because some of M.'s and D.'s testimony was contradicted. For example, Bonilla presented evidence that contradicted M.'s statement that he worked with Bonilla raking carpets;[1] M.'s and D.'s statements that Bonilla had the Playboy channel; D.'s statement that Bonilla supplied D. with marijuana; and D.'s statement that the acts of indecency occurred at his house as well as at Bonilla's apartments and at job sites. Bonilla's theory at trial and on appeal is that if M. and D. "lied" about these facts, they lied about Bonilla touching them and making them touch him. Thus, the argument continues, their testimony was so unbelievable no rational jury could have found Bonilla guilty. The contradictions, however, were not as to any of the essential elements of the crime. Further, it was within the province of the jury to believe M. and D. as to the essential elements while either believing or

---

[1] Some of the acts of indecency were alleged to have been committed while M. and Bonilla were cleaning carpets.

disbelieving their other statements.

After reviewing the entire record in the light most favorable to the prosecution, we find the evidence was sufficient to support the jury's verdict as to each offense involving M. and each offense involving D. Bonilla's first four issues are overruled.

### PROBATIVE VALUE VS DANGER OF UNFAIR PREJUDICE

Bonilla next argues that the trial court erred in allowing extraneous evidence of drugs and drug use, over objection, in the guilt-innocence phase of the trial because the probative value of the evidence was "so substantially outweighed by unfair prejudice." *See* TEX. R. EVID. 403. Prior to D.'s testimony, Bonilla objected to any testimony by D. or another State's witness, Ryan Farrell, about any type of drug use in connection with the offenses, arguing that the evidence was irrelevant and if relevant, the danger of unfair prejudice "far outweigh[ed] the probative value."

Evidence may be excluded under Rule 403 if the danger of unfair prejudice substantially outweighs the probative value of the evidence. TEX. R. EVID. 403. Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Allen v. State*, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003); *Jones v. State*, 944 S.W.2d 642, 652-53 (Tex. Crim. App. 1996). The trial court has broad discretion in conducting a Rule 403 balancing test, and we will not lightly disturb its decision. *Allen*, 108 S.W.3d at 284. All testimony and physical evidence are likely to be prejudicial to one party or the other. *Davis v. State*, 329 S.W.3d 798, 806 (Tex.

Crim. App. 2010); *Jones*, 944 S.W.2d at 653.  It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable.  *Id*.

A trial court's Rule 403 decisions are reviewed for an abuse of discretion.  *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005); *Moreno v. State*, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993).  A reversal will occur only if the trial court's decision is outside the zone of reasonable disagreement.  *Salazar v. State*, 38 S.W.3d 141, 150 (Tex. Crim. App. 2001).  A proper Rule 403 analysis by either the trial court or a reviewing court includes balancing the following factors: (1) the inherent probative force of the proffered item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.  *Gigliobianco v. State*, 210 S.W.3d 637, 641-642 (Tex. Crim. App. 2006); *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004).  *See Cressman v. State*, No. 10-11-00393-CR, 2012 Tex. App. LEXIS 9849, *8-10 (Tex. App.—Waco Nov. 29, 2012, no pet.) (not designated for

publication).

D. testified that Bonilla provided D. with marijuana which he and his friends smoked at D.'s apartment. On cross-examination, D. again testified about the marijuana Bonilla provided and that Bonilla had also provided him with an "eight-ball" of crack cocaine which D. sold rather than used. Ryan testified that he and D. smoked marijuana at Bonilla's apartment but it was not supplied by Bonilla.

The marijuana evidence was only a small part of the evidence used by the State to show that Bonilla had been grooming D. to accept Bonilla's advances. Because Bonilla spent a great deal of time trying to discredit both D.'s and M.'s claims of sexual abuse, the State needed evidence of grooming. It did not take long to develop and was not repetitive of any other evidence. The jury was provided with a limiting instruction in the trial court's charge, and compared to the amount of testimony regarding other extraneous conduct, that Bonilla provided both M. and D. with various forms of pornography, the jury was not likely to be confused or distracted by the marijuana evidence nor would the evidence suggest a decision by the jury on an improper basis.

After reviewing the evidence in light of the factors, we find the trial court did not abuse its discretion in overruling Bonilla's Rule 403 objection. His fifth issue is overruled.

### STACKING SENTENCES

Lastly, Bonilla contends that the trial court erred when it ordered the sentences in

counts three and four (the offenses involving D.) to be served consecutively only after the sentences in counts one and two (the offenses involving M.) had ceased to operate. Essentially, the sentences for counts three and four were "stacked" on the sentences of counts one and two.

Texas Penal Code section 3.03 addresses when sentences for offenses arising out of the same criminal episode are to run concurrently or consecutively. TEX. PENAL CODE ANN. § 3.03 (West Supp. 2012). Generally, when a defendant is convicted of multiple offenses that have been properly joined and prosecuted in a single trial, such sentences must run concurrently. *Id*. (a). In 1997, the legislature carved out several exceptions to this general rule. *Id*. (b). The exception applicable to this case permits a trial court to impose consecutive sentences for a defendant found guilty of more than one offense arising out of the same criminal episode when each sentence is for a conviction of indecency with a child. *Id*. (b)(2)(A). This exception applies only to offenses committed on or after September 1, 1997:

> (a) The change in law made by this Act applies only to an offense committed on or after the effective date [September 1, 1997] of this Act. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date.
> (b) An offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

Act of June 13, 1997, 75th Leg., R.S., ch.667, § 7.

Bonilla asserts that the pre-September 1, 1997 offense date recited in the

judgments for counts three and four bars stacking of the two sentences on the sentences in counts one and two. Both judgments recite an offense date of January 1, 1995.

The offense dates recited in the judgments do not necessarily render the trial court's order stacking the sentences invalid. *Hendrix v. State*, 150 S.W.3d 839, 853 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). The trial court had the discretion to stack the sentences for counts three and four with the sentences in counts one and two under section 3.03(b), as long as there was some evidence that the offenses for counts three and four occurred after September 1, 1997. *Id.*; *see Owens v. State*, 96 S.W.3d 668, 671-72 (Tex. App.—Austin 2003, no pet.) (holding trial court has discretion to cumulate sentences under section 3.03(b) when there is some evidence that the offenses occurred after September 1, 1997). Because the State used the phrase "on or about" in the indictment, it was free to prove that these offenses occurred on any date prior to the presentment of the indictment and within the statutory limitations period, which had not expired. *See Glenn v. State*, 436 S.W.2d 344, 345-46 (Tex. Crim. App. 1969); *Owens*, 96 S.W.3d at 671-72. Further, Bonilla did not ask the State to elect as to which act, out of multiple acts, it would rely upon to secure a conviction. *See also Crawford v. State*, 696 S.W.2d 903, 906 (Tex. Crim. App. 1985) (election by State). Thus, as long as there was some evidence that the offenses for counts three and four occurred after September 1, 1997, the trial court's order was not erroneous.

D. testified that the first time he recalled Bonilla touching D.'s genitals was

before 1996 when he lived in Bryan. D. then described many instances that occurred in the family's home when they moved to College Station, at job sites, and in Bonilla's various apartments where Bonilla touched D.'s penis or made D. touch Bonilla's penis. These incidents began occurring when D. was ten years old and continued until 2002 when D. was in the eighth grade. D. was 23 years old at the time of trial in 2011. He would have been ten years old in 1998, well beyond the effective date of the change in the statue.

Thus, there is some evidence that an offense alleged in count three and an offense alleged in count four occurred after September 1, 1997 and the trial court did not err in stacking the sentences. Bonilla's sixth issue is overruled.

**CONCLUSION**

Having overruled each of Bonilla's issues on appeal, we affirm the trial court's judgment of conviction.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed July 11, 2013
Do not publish
[CR25]